WILLIAM C. RICHARDSON *vs.* JOHN QUINCY ADAMS
& others.

Suffolk.   December 6, 1897. — June 23, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Voluntary Trust — Alleged Cestui que Trust — Ignorance, Mistake, or Fraud — Equity — Evidence.*

Where, so far as a declaration of trust goes, nothing can be plainer than the persons for whose benefit the trust is declared, and it is competent for the presiding justice to find on the evidence before him, and for aught that appears he does so find, that the contents of the instrument were known to the settlor and were assented to by him as correctly setting forth the terms of the trust on which the money was paid by him to and was received by the trustee, the contention of a person that the object was to benefit the heirs of A., of whom he was one, and that by ignorance, mistake, or fraud his name was omitted from the list of heirs found in the possession of the settlor, and that the instrument should be reformed so as to admit him as a beneficiary, cannot be maintained.

The terms of a declaration of trust cannot be varied or affected by statements made by the creator of the trust after it has been executed and carried into effect, and in the absence and without the knowledge or assent of the other parties interested.

BILL IN EQUITY, praying that the defendant be ordered to pay over to the plaintiff one seventh of a fund held by him under the following declaration of trust:

" Whereas, I have this day received from George Higgin-

son, Esq., the sum of forty-three thousand six hundred and ninety-seven dollars and $\frac{58}{100}$ in cash, — Now I hereby declare that I hold the same. upon the following trusts:

"First: to invest, hold, and manage the same as a trust fund, and to pay over the net income equally one sixth each to Mary Ann Pratt, Chas. Henry Richardson, Rosa Bella Wilkins, Anna Rebecca Currier, Loring Solomon Richardson, and Joseph Richardson, the only living children of the late Alfred Richardson, to their respective sole and separate use, and on the decease of each to transfer and convey one sixth of the capital of the fund as then invested to the child or children of the one dying (issue then living of any deceased child taking parent's share), and if no issue of the one so dying survive him, then the share of the one so dying is to go equally to the surviving brothers and sisters (issue then living of any deceased brother or sister to take parent's share).

"Second: the trustee at any time acting under this trust is to have the fullest possible power of sale of real and personal estate held at any time under the trust, whether for purpose of change of investment, division, or otherwise, and may invest what was personal estate in real estate and the reverse and shall not be held responsible for anything except wilful default.

"Witness my hand and seal this 19th day of December, A. D. 1881."

The plaintiff is the sole heir at law of Francis A. Richardson, who was a son of Alfred Richardson, and who died in 1862.

The case was reserved by *Knowlton*, J., for the consideration of the full court.

*H. S. Milton*, (*E. C. Bumpus* with him,) for the plaintiff.

*J. Duff*, (*S. C. Brackett* with him,) for the defendants.

MORTON, J. The declaration of trust describes the beneficiaries by name, and speaks of them as "the only living children of the late Alfred Richardson," and provides that each is to receive one sixth of the net income during life, and after death one sixth of the capital is to go to his or her children, if any, and in default of issue, then equally to the surviving brothers and sisters. So far as the declaration of trust goes, nothing could be plainer than the persons for whose benefit the trust is declared, and it was competent for the presiding justice to find

on the evidence before him, and for aught that appears he did so find, that the contents of the instrument were known to Mr. Higginson, and were assented to by him as correctly setting forth the terms of the trust on which the money was paid by him to and was received by the trustee.

The plaintiff contends, however, that the object was to benefit the heirs of Alfred Richardson, of whom he is one, and that by ignorance, or mistake, or fraud his name was omitted from the list of heirs found in the possession of Mr. Higginson, and that the instrument should be reformed so as to admit him as a beneficiary. It is true that there was evidence tending to show that the creator of the trust contemplated the heirs of Richardson as the objects of his bounty; but whether he would have included the plaintiff amongst the beneficiaries if he had known that he was alive, and what his relation to Alfred Richardson was, can be only a matter of conjecture.

The plaintiff had no legal claim upon him, and even if he had known about the plaintiff, it is possible that he still might have chosen to limit his bounty to the living children of Alfred Richardson, and their children and issue, as he has done.. It is well settled that an instrument will not be reformed on the ground of mistake, except upon full, clear, and decisive proof of the mistake. *Loud* v. *Barnes*, 154 Mass. 344. *Page* v. *Higgins*, 150 Mass. 27, 30, 31. *German American Ins. Co.* v. *Davis*, 131 Mass. 316. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 317. *Sawyer* v. *Hovey*, 3 Allen, 331.

This case does not come up to the degree of proof required. There is no evidence of fraud. If there were, the action of the presiding justice has settled the question against the plaintiff.

The letter from Mr. Higginson to the plaintiff was properly excluded.* It was written nearly eight years after the execu-

---

* This letter, dated March 19, 1889, was as follows: " Your letter of the 15th instant I rec'd a few days ago, but have delayed replying from passing illness. The request you ask is quite beyond *my* reach: the sum of money you refer to was paid, years ago, to a son of your grandfather (as you refer to old Mr. Alfred R.), who was then a clerk in the employ of Mr. John Q. Adams, with a verbal request that the sum should be divided among the legal heirs of old Mr. R. — My interest and agency in its disposal *ended* then, and I must decline taking part in an attempt to give any portion of it a new direction."

tion of the declaration of trust and the payment of the trust fund.   The terms of the declaration of trust could not be varied or affected by statements made by the creator of the trust in the absence of and without the knowledge or assent of the other parties interested, after it had been executed and carried into effect.   *Dodge* v. *Nichols*, 5 Allen, 548.                  *Bill dismissed.*