J. RANDOLPH COOLIDGE & another *vs.* AUGUSTUS P. LORING, trustee, & others.

Suffolk.    January 19, 1920. — February 28, 1920.

Present: RUGG, C. J., DE COURCY, PIERCE, & JENNEY, JJ.

*Trust*, Reformation of instrument. *Equity Jurisdiction*, To reform instrument in writing, Mistake. *Mistake*. *Equity Pleading and Practice*, Agreed statement of facts.

Misconception of the legal effect of the language used in a declaration of trust is not a "mistake of law" entitling the settlor to maintain a suit in equity to reform the instrument.

A statement, in an agreed statement of facts in a suit in equity brought by the settlors to reform a declaration of trust so that it would permit them to terminate it by a surrender of their interests to the remaindermen in their lifetime, that "there was no intention on their part to create interests which would prevent an immediate distribution in the event of such a surrender," falls short of indicating that the settlors had an intention not to create such interests.

An instrument will not be reformed on the ground of mistake except upon full, clear and decisive proof of the mistake.

A declaration of trust which placed upon the trustees important contractual duties and responsibilities will not be reformed by reason of a mistake in which it is not shown that the trustees participated.

A declaration of trust by a husband and his wife provided for three trustees, one of whom was one of the settlors, and that the income of the trust fund should be paid to the settlors and to the survivor of them for life and that upon the death of such survivor the trust fund should be distributed among such of the settlors' sons as were then living and the next of kin of such as should have died. It contained no provision for an earlier termination of the trust. The settlors brought a bill in equity to reform the instrument so that it would permit them to terminate the trust by a surrender of their life interests to the remaindermen, alleging that it was their intention that the contingent remainders should be

subject to the condition that they should not vest if the interest of the settlors, previous to the death of the survivor of them, should have been released by them, and that appropriate language to express that intention was omitted from the instrument through mistake. All living persons of adult age interested in the trust assented to the granting of the prayer of the bill. A guardian *ad litem* represented the interests of minors and persons not in being. The suit was heard upon an agreed statement of facts, which recited that it was the belief of the settlors "that they had the power to terminate the trust at any time by surrender of their life interests to the remaindermen, and there was no intention on their part to create interests which would prevent an immediate distribution in the event of such a surrender." Nothing appeared as to the intentions or beliefs of the trustees other than that of one of the settlors who also was a trustee. *Held,* that the suit could not be maintained.

BILL IN EQUITY, filed in the Supreme Judicial Court on December 10, 1919, and afterwards amended, by J. Randolph Coolidge and Julia Coolidge, his wife, settlors under a declaration of trust, against the trustees and all beneficiaries thereunder.

By an interlocutory decree, a guardian *ad litem* and next friend was appointed, to represent all of the defendants who were minors and all persons not ascertained or not in being who were or might become interested in the suit.

The material facts, which were agreed upon, are stated in the opinion. The suit was heard upon the pleadings and the agreed statement of facts by *Carroll,* J., who ordered a decree dismissing the bill and reported the case for determination by the full court.

*J. Noble,* (*J. R. Coolidge* with him,) for the plaintiffs.

*E. A. McLaughlin, Jr.,* for the defendant J. Randolph Coolidge, Jr., and others.

*H. W. Edgerton,* for the guardian *ad litem.*

DE COURCY, J. This is a suit in equity to reform a declaration of trust. The plaintiffs are the settlors. The parties defendant are the trustees, the children, grandchildren and great-grandchildren of the settlors, and the wives of their four married sons. Together they constitute all the living persons who may be interested in the trust. The defendants who are minors, and persons not yet in being who may become interested, are represented by a guardian *ad litem.*

The trust was created in 1907 by the conveyance by the settlors of real estate and securities to the trustees, who executed, contemporaneously, the declaration of trust in question. This instrument declares that the property is to be held: "1st. In trust

to pay the net income of the trust fund to the said J. Randolph Coolidge and the said Julia Coolidge four sevenths (4/7) and three sevenths (3/7) respectively to each so long as they both live, and to pay the whole of said net income to the survivor; and upon the death of the survivor to distribute equally the trust property among the following persons who are children of the said J. Randolph Coolidge and Julia Coolidge, viz: J. Randolph Coolidge Jr., John Gardner Coolidge, Archibald Cary Coolidge, Harold J. Coolidge and Julian L. Coolidge; and should any of said persons predecease the survivor of the said J. Randolph Coolidge and Julia Coolidge, to pay the share of the person so predeceasing to those who would be entitled to take his intestate property under the Statute of Distributions in effect at the time of the death of such survivor, provided that in no case shall a surviving widow take as distributee, more than one-half of said share."

The plaintiffs in 1917 assigned their life interests in the trust to their five sons, who shortly thereafter called upon the trustees for immediate distribution of the fund. The trustees have not acceded to the request, being advised that there might be a possible claim of a contingent interest on behalf of wives and children of sons predeceasing the plaintiffs.

The main prayer of the bill is that the declaration of trust be reformed by striking out the first article, above quoted, and substituting the following:

"1st. In trust to pay the net income of the trust fund to the said J. Randolph Coolidge and the said Julia Coolidge four-sevenths (4/7) and three-sevenths (3/7) respectively to each so long as they both live, and to pay the whole of said net income to the survivor, unless during their joint life times or that of the survivor, they shall have earlier assigned their rights to the said net income to the persons entitled to take the estate in remainder, and in case of such assignment the trusts in respect to the income of the fund shall forthwith cease, and the fund become distributable at once, irrespective of the date of the death of the settlors, — but in case no such earlier termination of the trust takes place, the trust shall continue until the death of the survivor of the said J. Randolph Coolidge and Julia Coolidge, and upon the death of such survivor the trust property shall be distributed equally among the following persons who are children

of the said J. Randolph Coolidge and Julia Coolidge, viz: J. Randolph Coolidge Jr., John Gardner Coolidge, Archibald Cary Coolidge, Harold J. Coolidge and Julian L. Coolidge, the share of any person who may predecease the time of distribution to be paid to the persons who would be entitled to take his intestate property under the statute of distributions in effect at the time of such distribution, provided that in no case shall a surviving widow take as distributee more than one-half of said share."

The trustees admit the facts alleged in the bill and submit without argument the questions presented for determination. The sons, daughters-in-law and adult grandchildren have filed answers consenting to the reformation prayed for. The guardian *ad litem* in his report admits the facts alleged in the bill, except as to the intentions and beliefs of the plaintiffs. The agreed statement of facts recites: "While meaning to make provision for their five sons named in the deed of July 29, 1907, as provided in that deed, so long as the trust established by them remained in full force and effect, it was their belief that they had the power to terminate the trust at any time by surrender of their life interests to the remaindermen, and there was no intention on their part to create interests which would prevent an immediate distribution in the event of such a surrender." Nothing appears in the record concerning the intentions or beliefs of the trustees, other than J. Randolph Coolidge, one of the plaintiffs, who was also one of the original trustees.

The plaintiffs recognize the rule that this voluntary and fully executed settlement cannot be revoked or altered in the absence of any provision in the instrument reserving such power to them. *Sewall* v. *Roberts*, 115 Mass. 262. *Sands* v. *Old Colony Trust Co.* 195 Mass. 575. They seek correction of the instrument on the ground of mistake, because of the alleged failure of the declaration of trust to express the intent which the parties had in making it. They contend that it was the intention of the settlors that the contingent remainders to their sons' distributees should be subject to the further condition that the settlors had not during their own lifetime released their life interests to their sons; and that appropriate language to express that intention was omitted by mistake. The entire support for this contention, in the agreed facts, is the statement above quoted.

It is unnecessary to discuss at length the doctrine of mistake of law with respect to reformation of instruments, and the various exceptions to the general rule. Confining ourselves to the present case, it is plain that the mistaken "belief" of the settlors as set forth in the agreed facts affords no ground for relief. Misconception of the legal effect of the language used in the instrument is not a "mistake of law" against which our courts afford a remedy. The parties are bound by the legal effect of what has really been agreed on, and cannot have the declaration set aside on the ground that they did not fully understand the legal effect of the language used, and that certain legal consequences which were not anticipated by the settlors flowed from its execution. *Taylor* v. *Buttrick,* 165 Mass. 547. *Wheaton Building & Lumber Co.* v. *Boston,* 204 Mass. 218. As to the statement that there was no intention on their part to create interests which would prevent an immediate distribution in the event of such surrender of the life interests, it seems to us as matter of interpretation that this negative statement of an intention that they did not have, falls far short of indicating that they had an intention not to create such interests. This is in the nature of a friendly suit, and presumably the statements in the agreed facts go to the limit of what the parties could agree upon. The language is entirely consistent with a view that the subject of surrender and termination in the lifetime of the settlors did not occur to the parties at the time of the declaration of trust. We find here no statement of affirmative intent to make the trust terminable. Indeed if such a positive intent then existed, one would expect in view of the legal skill and care with which the instrument was drawn that language appropriate to carry out that intention would have been inserted in the declaration of trust. *Keyes* v. *Carleton,* 141 Mass. 45, 50. *Lawrence* v. *Lawrence,* 181 Ill. 248. It is settled that an instrument will not be reformed on the ground of mistake, except upon "full, clear, and decisive proof" of the mistake. *Richardson* v. *Adams,* 171 Mass. 447, 449. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 317. *Philippine Sugar Estates Development Co. Ltd.* v. *Philippine Islands,* 247 U. S. 385, 391.

It is also significant that the trustees who were parties to the instrument do not appear to have acted under any mistake or misunderstanding. It is argued on behalf of the plaintiffs that

the general rule, that the court will not afford its aid unless the mistake is common to both parties, is not applicable here. But we are not prepared to adopt the suggestion that the rule to be applied is that governing mistakes of scriveners in failing to express in the instrument the intentions of the parties thereto. It is enough to say that the trustees were not volunteers, and that they assumed important contractual duties and responsibilities as parties. "If a new term is to be added, or substituted for one in the writing, the minds of the parties must have met upon it." Story Eq. Jur. (14th ed.) 163.

While appreciating the considerations ably presented to the contrary, on the whole we are constrained to say that the decree of the single justice should be affirmed; and it is

*Ordered accordingly.*