Sarah G. Gardiner *vs.* Harlow H. Rogers.

Norfolk. February 27, 1929. — May 29, 1929.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Wait, JJ.

*Trust,* Attachment of trustee's interest, Action against trustee. *Attachment. Practice, Civil,* Parties. *Devise and Legacy,* Life estate.

By the will of a woman, the residue of her estate, which included certain land with a building thereon, was given to her son as a trustee, he to pay the net income to himself during his life "with power to pay to him any part of the principal when in the opinion of the trustee and wholly at his discretion such payment was necessary for his comfortable support and maintenance"; on his death "the balance of the trust estate, if any," was to be divided among the grandchildren of the testatrix, children of the son and of his sister. Two years after the son was appointed trustee, an action of tort for personal injuries resulting from a defective condition of the premises was brought, the son being named as defendant in the writ "as he is trustee for" himself and his sister, and, upon the writ, the deputy sheriff purported to attach "all the right, title and interest" the son, "Trustee," "has in and to any and all real estate in" the county. Thereafter, one to whom, two years before her death, the testatrix had mortgaged the real estate, for the first time recorded his mortgage. Subsequently the plaintiff in the action of tort recovered judgment and an execution issued against the son by the same description as that in the writ, by virtue of which the deputy sheriff purported to seize "all the right, title and interest" the son, trustee for himself and his sister, had in the real estate, described in the return, on the date when the alleged attachment was made; and, later, a sale was made and that title sold to one to whom, also, the son "as trustee for" himself and his sister "under the will of" his mother, "and individually" gave a quitclaim deed of the same premises and released all right to redeem from the sheriff's deed. A bill in equity brought by the purchaser to enjoin foreclosure of the mortgage was dismissed. *Held,* that

(1) The son had no right to a present conveyance which could be attached under G. L. c. 223, § 42; c. 236, § 1, or which he could convey to the plaintiff;

(2) There was nothing to show that the son had exercised or would exercise his power as trustee to take over any part of the principal;

(3) When the legal title to property is in the name of a trustee, he is individually liable for its defective condition; and an execution in an action at law should run against the trustee as an individual, whether he had a right to indemnity from the trust fund or not;

(4) The description of the son as "trustee" in the writ in the tort action was surplusage and should be disregarded;

(5) As no valid attachment of the son's interest in the real estate could be made in an action at law, the purported attachment was void, and, the plaintiff having no title under it, the bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on August 18, 1928, to enjoin the foreclosure of a mortgage on real estate alleged to be owned by the plaintiff.

In the Superior Court, the suit was heard by *Callahan, J.*, upon an agreed statement of facts. Material facts are stated in the opinion. By order of the judge, a final decree was entered dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*F. H. Harding, Jr.*, for the plaintiff.

*J. P. Fagan*, for the defendant.

CROSBY, J. This is a suit in equity to restrain the defendant from foreclosing a mortgage upon certain real estate. The plaintiff claims title under two sheriff's deeds purporting to convey the property to her as purchaser at an execution sale. The case was submitted to a judge of the Superior Court on an agreed statement of facts, wherein it is agreed that the mortgage held by the defendant was given to him for a valuable consideration on December 10, 1919, by Sylvia H. Ramsdell, who at that time was the owner of the property. The mortgage was not recorded until April 27, 1925. On November 22, 1921, Sylvia H. Ramsdell died testate, and by her will, which was duly proved and allowed, she left all the rest, residue and remainder of her estate (including the property in question) to her son, John Ramsdell, "in trust to hold, manage and invest the same, with power to sell, mortgage or convey the same, and to pay over the net income thereof semi-annually or oftener in the discretion of the trustee, to her said son during his life, with power to pay to him any part of the principal when in the opinion of the trustee and wholly at his discretion such payment was necessary for his comfortable support and maintenance." The will provided that the trust was to terminate on the death of the son and the balance of the trust estate, if any then remaining, with any accumulated income, was to be divided equally between the children of the son and the

children of Sylvia F. Cushman, a daughter of the testatrix, such children taking by right of representation.

John Ramsdell was appointed trustee under the will on December 28, 1921. On January 4, 1923, two actions of tort were brought, one by May Southard, the other by Oscar F. Southard, her husband, in which the defendant was described as "John Ramsdell, of Quincy in our County of Norfolk, as he is trustee for John Ramsdell and Sylvia F. Cushman." The action by May Southard was for personal injuries caused by an alleged defect in a platform on premises belonging to the trust estate, alleged to have been owned by the defendant, and of which the plaintiff's husband was a tenant. The action brought by Oscar F. Southard was to recover consequential damages sustained as a result of the injuries received by his wife. On the writs in these cases the deputy sheriff's return states that on January 4, 1923, he made an attachment of "all the right, title and interest the within named defendant John Ramsdell, Trustee has in and to any and all real estate in the County of Norfolk," and that within three days thereafter he deposited attested copies of the writ with so much of the return as related to the attachments in the registry of deeds for said county. The attachments so made were general, without description of the land attached. On February 7, 1927, judgment was entered in each case for the plaintiff, and on February 10, 1927, execution issued in each case against "John Ramsdell, of said Quincy, as he is trustee for John Ramsdell and Sylvia Cushman."

On these executions, returns, alike in form and varying only in amount and hour of sale, were made by the deputy sheriff, that on February 27, 1927, by virtue of the respective executions, he "seized and took all the right, title and interest the within name [d] John Ramsdell, Trustee of John Ramsdell and Sylvia Cushman had (not exempt by law from attachment or levy on execution) on the fourth day of January A D 1923 at four o'clock P.M. begin [being?] the time the same was attached on mesne process, in and to the following described real estate, to wit:" then followed a description of the lands including the real estate involved in this suit. On

April 23, 1927, the property was sold at sheriff's sale to the plaintiff, and the sheriff's deeds given in connection with the sales were dated and acknowledged on May 2, 1927, and recorded on July 5, 1927. By quitclaim deed dated and acknowledged on September 7, 1927, John Ramsdell, as trustee for John Ramsdell and Sylvia Cushman under the will of Sylvia H. Ramsdell, and individually, conveyed to the plaintiff the premises described in the sheriff's deeds, and released all right to redeem from the sheriff's deeds. No mention was made of any mortgage in this deed. The trial judge ruled that upon these agreed facts the plaintiff could not maintain the bill and a final decree was entered dismissing it, from which the plaintiff appealed.

G. L. c. 223, § 42, provides that all real estate and personal property liable to be taken on execution, with certain exceptions not material to the issue in the present case, may be attached. G. L. c. 236, § 1, provides that "All the land of a debtor in possession, remainder or reversion, all his rights of entry into land and of redeeming mortgaged land, and all such land and rights fraudulently conveyed by him with intent to defeat, delay or defraud his creditors, or purchased or directly or indirectly paid for by him but the record title of which has been retained in the vendor or conveyed to a third person with intent to defeat, delay or defraud the creditors of the debtor, or on a trust for him, express or implied, whereby he is entitled to a present conveyance, may, except as provided in chapter one hundred and eighty-eight, be taken on execution for his debts as provided in this chapter." It is manifest that this statute is not applicable to the case at bar. By the terms of the trust the trustee cannot be said to be entitled to a present conveyance of the real estate. Although it provides that the trustee may take for his own use any part of the principal, if in his opinion and at his discretion, as trustee, a part should be necessary for his comfortable support and maintenance, this does not give him an unbridled right to take over the whole of the principal at any time. By the terms of the trust he was entitled to the net income during his life, and only to such part of the

principal as was necessary for his comfortable support and maintenance, and after his death the remainder was to go to the grandchildren of the testatrix. That a trustee is bound to exercise the utmost good faith in all matters pertaining to the trust and in the use of the trust property itself, and that his acts must be governed by strict fidelity and faithfulness to the terms of the trust and interests of the beneficiaries, are propositions so elementary as not to require the citation of authority. The law will not presume that a trustee will act in bad faith in the administration of the trust. There is nothing to show that the trustee in the present case has or ever will exercise his power to take over any part of the principal. As he does not have an absolute right to a present conveyance of the entire trust estate, it follows that the levies and executions were not authorized under G. L. c. 223, § 42, or G. L. c. 236, § 1. G. L. c. 223, § 67, is not applicable to any question raised on this record.

When the legal title to property is in the name of a trustee, he is individually liable for its defective condition; *Shepard* v. *Creamer*, 160 Mass. 496, 498; and an execution in an action at law should run against the trustee as an individual, whether he had a right to indemnity from the trust fund or not. *Odd Fellows Hall Association* v. *McAllister*, 153 Mass. 292, 297. *Hampton* v. *Foster*, 127 Fed. Rep. 468. The description of John Ramsdell as "trustee," in the writs in the tort actions, was surplusage and should be disregarded. The judgments and executions should have been issued against him personally. *Odd Fellows Hall Association* v. *McAllister, supra.* *Carr* v. *Leahy*, 217 Mass. 438, 440.

It is the contention of the plaintiff that *Cunningham* v. *Bright*, 228 Mass. 385, is decisive of the present case. It there appeared that the trustee was also sole beneficiary, both the legal and the equitable estates being merged in him. Moreover, he was entitled to a present conveyance, and therefore the land was subject to levy and execution for his debts. None of those facts is present here. All of the cases cited by the plaintiff are distinguishable in their facts from the case at bar.

As no valid attachment could be made in an action at law the purported attachments are void. It becomes unnecessary to consider whether the requirements of the statute have been complied with in the attachments and sales on execution.

*Decree affirmed with costs.*