### WHITE, Former Collector of Internal Revenue, v. POOR et al.
### No. 2980.

#### Circuit Court of Appeals, First Circuit.
#### Jan. 31, 1935.

Harry Marselli, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., on the brief), for appellant.

Edwin A. Howes, of Boston, Mass. (Hutchins & Wheeler, of Boston, Mass., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the federal District Court for Massachusetts in an action at law brought July 10, 1933, by the executors of the will of Adelaide J. Sargent against White, former collector for the district, to recover a federal estate tax paid by them in the amount of $2,377.89, with interest, on the ground that it was erroneously assessed and collected. The trial was had before the court, a jury having been waived in writing. The case was heard upon an agreed statement of facts and evidence presented at the trial. The court found the facts stipulated to be true, and that the decedent's transfer of certain property to trustees, the value of which the Commissioner included in her gross estate, was not made by her in contemplation of death.

It appeared that on December 31, 1919, the decedent created the trust involved in this suit with a view of accomplishing three things, which she had failed to do in previous trusts she had revoked. The first was to more definitely fix the shares of the beneficiaries; the second, to join a disinterested trustee having no beneficial interest in the trust; and the third, to eliminate any reserved power of revocation as to the income, believing that then the portions payable to the beneficiaries, other than herself, could not be taxed to her. The original trustees were the decedent, her son, Arthur H. Sargent (a beneficiary under the trust), and Harry Le Baron Sampson, a disinterested person without beneficial interest; and on December 31, 1919, the decedent transferred to the trustees the real and personal property, the value of which the Commissioner included in the gross estate.

By the terms of the trust the trustees were to pay one-half of the net income to the decedent during her life and the other half to her three children, and, on her death, pay all the income to the children. The trust was to terminate upon the death of the last surviving beneficiary and the corpus of the trust was then to be distributed according to the terms of the trust. The trust instrument contained the following provision for an earlier termination of the trust:

"Eighth. This trust may be terminated at any time either as to the whole or as to any part of the property held in trust hereunder, by the person or persons who shall then be trustees hereunder, such termination to be evidenced by a written declaration signed, sealed and acknowledged *by them* and duly recorded in the Registry of Deeds for the County of Suffolk, setting forth specifically the property as to which such termination is to take effect, and in that event the trusts declared hereunder shall as to such property be at an end and such property shall be paid over and conveyed, free and discharged of all trusts, to the said Adelaide J. Sargent, if she be then living. * * *" (Italics supplied.)

Then follow provisions for the payment of any shares to her children if she be not then living.

There was a provision in the instrument that, in case of the absence from the United States of any trustee thereunder, the other two trustees could exercise all the powers of the three trustees and perform all their duties. Arthur H. Sargent, one of the trustees, resided a considerable portion of the time in Paris, but, at the time of the decedent's death and for some substantial period prior thereto, he was in this country. There was also a provision for filling vacancies by the remaining trustees in case one should die or resign. In 1920, Mrs. Sargent resigned as trustee and her daughter, Mary Adelaide Poor, was appointed to fill the vacancy. She held office until November 1, 1921, when she resigned and the decedent was reappointed. Thereafter she continued as trustee until her death, January 3, 1931. The other two trustees served from the beginning of the trust until after the death of Mrs. Sargent.

There is no dispute as to the value of the property transferred in trust. The only question before us on this appeal is whether the transfer comes within the provisions of section 302 (d) of the Revenue Act of 1926, 26 USCA § 1094 (d). Section 302 (d) of that Act provides:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke. * * *"

It was also provided in the Act of 1926 § 302 (h), 26 USCA § 1094 (h) that subdivision (d) of section 302 should apply to transfers in trust, etc., whether made, created, arising, or existing before or after the enactment of the act.

The District Court, in construing the eighth provision of the trust, ruled, as a matter of law, that, although the decedent, as trustee, had, at the date of her death, in conjunction with the other trustees, power to terminate the trust estate, as donor or settlor she had no power, under the provisions of the trust, to revoke the trust, and that consequently the provisions of section 302 (d) did not apply. The court apparently indulged in the thought that, as those constituting the body of trustees after Mrs. Sargent's death could terminate the trust, should it then exist, and the power did not end with her death, her inclusion in the board of trustees, prior to and at the time of her death, relieved her of having a power which she as settlor could exercise in conjunction with others within the meaning of section 302 (d).

The decedent, prior to and at the time of her death, under the provisions of the eighth article of the trust, apparently had power that she might have exercised in conjunction with others to terminate the trust within the language of section 302 (d), whether you call her a settlor or trustee, both of which she was. To hold otherwise would be to disregard substance for form. Section 302 (d) is not limited to cases where the decedent has power to revest title to the corpus of the trust in himself. The case of Porter v. Commissioner, 288 U. S. 436, 53 S. Ct. 451, 77 L. Ed. 880, puts that question to rest. Neither is there an express qualification in that section requiring that the power reserved shall be exercisable by the decedent alone or in conjunction with one not having an adverse interest. The language of the statute is "alone or in conjunction with any person." But if decedent's power to revoke under that section can be exercised only alone or in conjunction with a person not having a beneficial adverse interest, it would seem that Congress intended that the words "any person" should mean any person not having such interest. Reinecke v. Northern Trust Co., 278 U. S. 339, 344, 346, 49 S. Ct. 123, 124, 73 L. Ed. 410, 66 A. L. R. 397.

The Reinecke Case involved the assessment and collection of an estate tax upon the estate of the trust company's testator under the Revenue Act of 1921, c. 136, § 402 (c), 42 Stat. 227, 278. There were seven trusts involved. With two we are not concerned. The remaining five trusts were created in 1918, before the passage of the Revenue Act of 1921, but after the enactment of similar provisions of the estate tax in the Revenue Act of 1918, § 402 (c), 40 Stat. 1097. "With respect to each of these five trusts a power was also reserved 'to alter, change or modify the trust,' which was to be exercised in the case of four of them by the settlor and the single beneficiary of each trust, acting jointly, and in the case of one of the trusts, by the settlor and a majority of the beneficiaries named, acting jointly. The settlor died * * * with the beneficiaries and life tenants designated in the trusts surviving him, and without having modified any of the five trusts except one, and that in a manner not now material. The commissioner, in fixing the amount of the estate for tax purposes included the corpus of all seven trusts. * * *"

By section 402 it was provided that in calculating the tax there shall be included in the gross estate all property, tangible and intangible, "(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, * * * intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act). * * *"

In passing upon the question of the liability of the estate of the decedent to be taxed upon the corpus of the five trusts due to the power reserved in the trust instrument "to alter, change or modify the trust," the court said, at page 346 of 278 U. S., 49 S. Ct. 123, 125:

"If it be assumed that the power to modify the trust was broad enough to authorize disposition of the trust property among new beneficiaries or to revoke the trusts, still it was not one vested in the settlor alone, as were the reserved powers in the case of the two trusts. He could not effect any change in the beneficial interest in the trusts without the consent, in the case of four of the trusts, of the person entitled to that interest, and in the case of one trust without the consent of a majority of those so entitled. Since the power to revoke or alter was dependent on the consent of the one entitled to the beneficial, and consequently adverse, interest, the trust [property], for all practical purposes, had passed as completely from any control by decedent which might inure to his own benefit as if the gift had been absolute."

And having reached the conclusion that the transfers were complete at the date of the execution of the trusts because the power to revoke or alter in five of the trusts was dependent upon the consent of at least one person having a beneficial and consequently adverse interest, the Supreme Court held the corpus of the five trusts was not taxable to the estate, and affirmed the judgment of the court below in favor of the executor.

The beneficial adverse interest of Arthur H. Sargent was substantial, and, this being so, we are not called upon to determine whether an interest of a lesser character would answer the requirement.

The decedent could not have revoked or terminated the trust without the consent of the other two trustees. A termination of the trust required joint action on the part of the trustees. At the time of Mrs. Sargent's death and for some time prior thereto, all three trustees were in this country, and had the decedent desired to revoke or terminate the trust, she would have needed to obtain the consent of Arthur H. Sargent as well as that of Sampson. See Reinecke v. Smith, 289 U. S. 172, 178, 53 S. Ct. 570, 77 L. Ed. 1109.

In view of the decision in Reinecke v. Northern Trust Co. we are of the opinion that the decedent before and at the time of her death had no power by which she could effect a change of interests in the trust, and consequently that the corpus of the trust was completely transferred to the trustees at the date of the execution of the trust instrument, for whatever power was reserved to her could only be exercised in conjunction with one having a beneficial adverse interest. If A gives property to B, reserving to himself the right to revoke the same only upon B's consent, the transfer is complete, the reservation is nil, and whether A gets the property back or not lies wholly with B. If a transfer back is made with B's consent, it would be a gift back and not a revocation. This is in substance the situation here.

For the reasons here stated, the order is:

The judgment of the District Court is affirmed.