**COMMISSIONER OF INTERNAL REVE-NUE v. STEVENS et al. ***

**No. 5635.**

**Circuit Court of Appeals, Third Circuit.**

**Sept. 17, 1935.**

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., for petitioner.

Edward J. Patterson and Carroll G. Walter, both of New York City, for respondents.

Before BUFFINGTON and THOMPSON, Circuit Judges, and JOHNSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals. The essential facts were stipulated and were found by the Board as follows: The respondents are executors of John P. Stevens, who died October 27, 1929. On January 12, 1927, the decedent executed four trust indentures. On or about June 8, 1929, by agreement of all parties in interest, three of the trusts were revoked, and the grantor transferred the corpus of these trust estates to the trustees named in trust indenture 1, subject to the terms of that indenture. After disposing of the income, trust indenture 1 provided that distribution of the corpus of the trust be made as follows:

"Upon the death of said Edna T. Stevens, to divide the Trust Estate into six equal parts and thereupon, or within such further time as is hereinafter provided, to assign, convey and pay over the same as follows:

"(1) One of said equal parts to said John P. Stevens, Jr., [one of the three sons of the grantor] or in case of his prior decease, then to such person or persons as he by his last will and testament shall give or bequeath his residuary estate or, in default of such gift or bequest, to such person or persons as shall be entitled to his estate under the intestate laws applicable thereto;

"(2) One of said equal parts in equal shares to the children of said John P. Stevens, Jr., living at the death of said Edna T. Stevens and the children of any child of said John P. Stevens, Jr. who may theretofore have died leaving issue, per stirpes et non per capita;

"In case there shall be no issue of said John P. Stevens, Jr. living at the death of said Edna T. Stevens said equal part shall be added to the equal part provided for in subdivision (1) of this Article Second and be assigned, conveyed and paid over in like manner. * * *"

Except for the substitution of the names of the other two sons, the remaining four parts are disposed of in identical fashion. Restricted power to revoke was given the grantor by the eighth clause of the trust indenture, which provided as follows:

"At any time after two (2) years from the date hereof and during the life of said Edna T. Stevens, the Grantor, or after his death his executor or administrator, by instrument in writing executed by him or

*Writ of certiorari granted, judgment reversed Helvering v. Stevens, 56 S. Ct. —, 80 L. Ed. —.

them, and consented to in writing by his wife, Edna T. Stevens, and by his children, John P. Stevens, Jr., Robert T. Stevens and Nathaniel Stevens, or by his said wife and the survivors or survivor of said children, and delivered with such consents to the Trustees, from time to time may revoke the trusts hereby created with respect to all or any part or parts of the Trust Estate or may modify this Indenture or change the beneficiaries as in such instrument provided, and upon any revocation made in the manner aforesaid, the Trust Estate or such part or parts thereof as shall be affected by such revocation shall be assigned, transferred and paid over to the Grantor, his executor or administrator, provided, however, that no such revocation, modification or change of beneficiaries shall be made to affect or invalidate any act or thing theretofore done by the Trustees hereunder or any provision of this Indenture relating to the indemnification, security or protection of the Trustees."

The property ultimately transferred by the grantor under trust indenture 1 was valued at the time of his death at $188,202.-95. The Commissioner determined that the value of the trust estate property should be included in the decedent's gross estate, and assessed a deficiency. The Board of Tax Appeals, upon review, held that the Commissioner erred and entered judgment abating the assessment.

The question presented is whether the property transferred under the trust indenture is to be included as part of the gross estate of the decedent. In Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397, the Supreme Court, applying the Revenue Act of 1921, held that property transferred by a decedent, in his lifetime, by means of a trust indenture revocable only with the consent of the beneficiaries, was not taxable as part of the gross estate of the decedent, because no right or title remained in the grantor or passed at, or by reason of, his death. In our opinion, that decision disposes of the present appeal adversely to the petitioner, unless section 302 (d) of the Revenue Act of 1926 (26 USCA § 411 (d), enacted after the decision in the Reinecke Case, was intended to and did in fact change the law on this point. Section 302 (d) of the Revenue Act of 1926 provides:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth."

There are conflicting decisions in the several circuits as to the intent and application of the above-quoted section. White v. Poor, 75 F.(2d) 35, in the First Circuit, Commissioner v. City Bank Farmers' Trust Co., 74 F.(2d) 242, in the Second Circuit, and Lit v. Commissioner, 72 F.(2d) 551, in this circuit, established for those respective circuits that, where the power to revoke is subject to the concurrence of others whose interests are adverse to that of the grantor, the property of the trust is not taxable as part of the grantor's gross estate. Compare Helvering v. Helmholz, 64 App. D. C. 114, 75 F.(2d) 245, certiorari granted 55 S. Ct. 657, 79 L. Ed. 1677. On the other hand, the Seventh Circuit held in Commissioner v. Strauss, 77 F.(2d) 401, that all property contributed by the decedent to the trust estate was to be included in the decedent's gross estate, for estate tax purposes, where the trust indenture provided that it might be revoked by the grantor, even though the grantor could not revoke without the consent of his wife, whose interest as trustee and beneficiary was adverse to his as grantor. The arguments for and against a strict construction of the act are set forth at length in the cited cases. Without reiterating the grounds upon which we based our conclusion in Lit v. Commissioner, supra, we adhere to the principle there announced and hold that it rules the instant case adversely to the petitioner.

The petitioner argues, however, that even if the court should adhere to the views expressed in Lit v. Commissioner, supra, one-half of the value of the remainder interest in the corpus of the trust estate is subject to tax, because one-half was given to persons whose consent to revocation was not required. We are not convinced by

this argument. We note that the grantor's sons, whose consent had to be obtained as a prerequisite to the revocation of the trust, had an interest adverse to that of the grantor, not only as to those shares which were payable to them, but as to those shares in which they had a contingent remainder and which would pass to them in the event that there were neither children nor grandchildren alive at the death of the grantor's wife. All of the beneficiaries, whose consent to revocation was required, had shares in the life estate; all of them, except the grantor's wife, had direct interests in half of the remainder and contingent interests in the remainder. There was no part of the trust which the grantor could revoke without the consent of parties having some adverse interest. The case of Reinecke v. Northern Trust Co., supra, which the instant case resembles on its facts, lends authority to this conclusion. In that case one of the trusts was held to be not taxable, even though the consent of only a majority of the beneficiaries was necessary for the revocation of the trust.

The decision of the Board of Tax Appeals is affirmed.