DAISY CHRISTINE PATTERSON, EXECUTRIX OF THE ESTATE OF FRANK H. PATTERSON, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76580.    Promulgated August 4, 1937.

*A. F. Hillix, Esq.*, and *Elmer B. Hodges, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, and *E. L. Weber, Esq.*, for the respondent.

## OPINION.

Arnold: The respondent contends (1) that the transfer was made in contemplation of death, and/or intended to take effect in possession and enjoyment at or after the death of the transferor; (2) that the beneficial use and enjoyment of the property was subject at the date of the transferor's death to the exercise of a power to alter, amend, and change and the property was therefore taxable under section 302 (d) of the Revenue Act of 1926.

From the evidence in the record we have found as a fact that the transfer was not made in contemplation of death. In fact it appears that the decedent did not want to create the trust and that the motivating cause was to prevent his son-in-law, Stephen S. Chandler, whom he disliked and distrusted, from getting hold of the securities belonging to his daughter, Margaret Patterson Chandler. To accomplish this the plan to create trusts by each of the parties in interest was worked out by his attorney, and the decedent, according to the agreement, established the Frank H. Patterson trust and transferred to it the property here in question. This, we think, bears no relation to a transfer in contemplation of death or intended to take effect in possession or enjoyment at or after death within the meaning of the revenue act.

The respondent argues that, because of the provision in the trust instrument that it was not to be construed to vest in any beneficiary an absolute interest in the trust property prior to the termination of the trust (five years after the death of himself and wife or the survivor of them), that it must be included in the gross estate as intended to take effect in possession and enjoyment at or after death, citing *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339. The *Reinecke* case is not authority for respondent's contention. As to the "two trusts" there considered it was held that the tax was rightfully imposed because the donor had reserved the power of revocation and the transfers were not completed until the death of the donor. But as to the other five trusts where the donor alone did not have an absolute power of revocation or change it was held that the corpus was not subject to the estate tax upon the donor's death. As to these trusts the Court in its opinion said:

\* \* \* One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this

statute means that he may not make a gift inter vivos, equally absolute and complete, without subjecting it to a tax if the gift takes the form of a life estate in one with remainder over to another at or after the donor's death. It would require plain and compelling language to justify so incongruous a result and we think it is wanting in the present statute.

\* \* \* \* \* \* \*

\* \* \* In the light of the general purpose of the statute and the language of section 401 explicitly imposing the tax on net estates of decedents, we think it at least doubtful whether the trusts or interests in a trust intended to be reached by the phrase in section 402 (c) "to take effect in possession or enjoyment at or after his death," include any others than those passing from the possession, enjoyment or control of the donor at his death and so taxable as transfers at death under section 401. That doubt must be resolved in favor of the taxpayer. *Gould* v. *Gould,* 245 U. S. 151, 153, 38 S. Ct. 53, 62 L. Ed. 211; *United States* v. *Merriam,* 263 U. S. 179, 187, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547.

In *Shukert* v. *Allen,* 273 U. S. 545, a gift of a remainder interest which did not vest in possession and enjoyment until after the donor's death, was held not to be a transfer intended to take effect in possession or enjoyment at or after the donor's death and for that reason not subject to the tax.

Here the decedent had irrevocably transferred to the trustee the property in question. As to him the transfer had been completed when the property was transferred to the trust, and at the time of his death no interest in the trust property remained in him which could be passed on to the living and on which the Federal estate tax could accrue. Cf. *Knowlton* v. *Moore,* 178 U. S. 41; *Reinecke* v. *Northern Trust Co., supra.* The rights of the beneficiaries became fixed at the time the trust was executed and could not thereafter be changed, cf. *Helvering* v. *St. Louis Union Trust Co.,* 296 U. S. 39; *Becker* v. *St. Louis Union Trust Co.,* 296 U. S. 48. The death of petitioner did not affect these rights.

The respondent further argues that, because of the provision in the trust that the trustees shall have the power, "when the net income is insufficient therefor", to use and disburse from time to time, principal of the trust estate "for the support, maintenance and/or care of Frank H. Patterson", the corpus of the trust should be included in the gross estate under section 302 (d), Revenue Act of 1926, which provides that in determining the gross estate of the decedent there shall be included therein the value at the time of his death of all property "to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke \* \* \*."

The fallacy of respondent's argument lies in the fact that at the date of his death the decedent had no power to use any of the principal of the trust and never had possessed that power. The power of the trustees to use any part of the trust corpus for the support and maintenance of Frank H. Patterson was contingent upon a state of facts which never arose, i. e., when the net income of the trust was insufficient for the comfortable support, maintenance, and care of the transferor. This limitation on their power was recognized both by the trustees and the transferor, and the trustees never used nor were they asked to use any of the principal for that purpose.

The action of the trustees upon any request of Frank H. Patterson to use and disburse principal of the trust was likewise contingent upon the insufficiency of the income for his comfortable support, maintenance, and care, which we have found did not exist during the lifetime of decedent.

Under the terms of the trust it was not only necessary that the income of the trust be insufficient for the support and maintenance of the transferor before the trustees had the power to make any disbursement from the corpus, but it was necessary that a majority of the trustees decide that it was insufficient before such disbursement could be made.

True, the transferor was a trustee and entitled to participate in any such decision equally with the other trustees, but we can not assume from this fact that he would connive with the other trustees to dissipate the trust corpus in violation of the trust instruments by making a decision contrary to the known facts. This would be sheer speculation, unjustified by the record. We must rather assume that the trustees will act, as they did, within the power conferred upon them by the trust instrument.

Since the power granted the trustees to disburse any part of the trust corpus of the Frank H. Patterson trust was not absolute, but conditional upon a certain contingency which did not happen during the decedent's lifetime and which he did not control, we hold that at the time of his death the decedent did not have the power, either alone or in conjunction with any other person, to change or alter the trust by diverting the property to himself. *Tait* v. *Safe Deposit & Trust Co. of Baltimore*, 74 Fed. (2d) 851.

There was here no absolute power in the transferor alone to revoke as in *Reinecke* v. *Northern Trust Co.*, *supra*, nor in the transferor in conjunction with other persons as in *Helvering* v. *City Bank Farmers Trust Co.*, 296 U. S. 85. There was here nothing more than a remote possibility that the contingency might occur which would

give the trustees power to disburse trust corpus. Cf. *Helvering* v. *St. Louis Union Trust Co.*, *supra*. Upon the facts in the record we think the Commissioner erred in including the value of the trust property in the gross estate of the decedent.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Mellott and Disney dissent.