### HIGGINS et al. v. WHITE.

### No. 3272.

Circuit Court of Appeals, First Circuit.

Dec. 8, 1937.

Charles M. Rogerson, of Boston, Mass. (Roger W. Hardy, of Boston, Mass., on the brief), for appellants.

Joseph M. Jones, Sp. Asst. to the Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to the Atty. Gen., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

These two income tax cases, in which Clara C. Higgins and John W. Higgins are the respective plaintiffs, involve the same question and are consolidated in one record on appeal to this court. The actions were separately brought in the District Court for the district of Massachusetts to recover taxes claimed to be erroneously assessed. The government demurred to the plaintiff's declaration in each case, which was sustained. Exceptions were allowed. The following assignment of error is sufficient to raise the sole issue in the cases: That the District Court erred in ruling that the income of the trusts described in the plaintiff's declaration was taxable to the grantor of the trusts under section 219 (g) of the Revenue Act of 1924, 43 Stat. 275, which was re-enacted without change in the Revenue Act of 1926, 44 Stat. 32.

The plaintiff Clara C. Higgins, on June 24, 1924, created certain trusts, naming herself and the Boston Safe Deposit & Trust Company as trustees, and her husband, John W. Higgins, at the same time created similar trusts, each trust provid-ing mutatis mutandis that certain policies of life insurance payable to the creator of the trust should be payable to the trustees named, and also assigning to said trustees certain other property, with the right in said trustees to pay the premiums of said policies out of the property so transferred; also, to use any dividends on said policies to reduce premiums thereon, or to allow said dividends to remain with the insurance company at interest, or to have them added to the policies as paid-up insurance, or to surrender such policies and receive the cash surrender value thereof, or to convert such policies into paid-up policies of life insurance.

The provisions of the declarations of trust in which Clara C. Higgins was the grantor, and also in those in which John W. Higgins was the grantor, that give rise to the questions raised on appeal, are contained in paragraph third of the trust indentures, which reads as follows: "Third: Any funds in the hands of the Trustees which the Trustees shall deem not to be needed to pay premiums, together with any other property which may from time to time be received by them, shall, except as hereinafter provided, be held during the lifetime of John W. Higgins, in trust, to add the net income thereof to the principal and accumulate said net income, provided that if at any time during the continuance of this trust and during the lifetime of said John W. Higgins the Trustees shall deem it wise so to do, they may use any of the funds in their hands specifically including the cash surrender value of said policy for the benefit of Clara C. Higgins and the issue of said John W. Higgins and Clara C. Higgins by paying out to her and them, or any one or more of them, such sums or sum out of the principal as they shall deem necessary or advisable for the comfort, maintenance, support, advancement, education or welfare of said Clara C. Higgins and said issue or any one or more of them, or they may surrender and assign said policy and the trust property held hereunder to said Clara C. Higgins, in which case this trust shall cease and determine."

The decision of this case rests in the proper interpretation of the provisions of this paragraph.

If, as the government contends, the last clause is separate and independent of what has gone before, and the grantor and the other trustee under each trust has the absolute and unconditional power to surrender

the trust res at any time to the grantor and terminate the trust, then under subdivisions (g) and (h) of section 219 of the Revenue Acts of 1924 and 1926, the income of the trust is taxable to the grantor; but if, as the plaintiffs contend, before the trust property may be surrendered to the grantor it must be determined first by the trustees as such, whether they deem it advisable to use a part of the principal of the trusts for the comfort, maintenance, and support of Clara C. Higgins, and mutatis mutandis of John W. Higgins, or the education and welfare of the issue of Clara C. Higgins and John W. Higgins, or to surrender the entire trust property to the grantor of the trusts and thus terminate the trusts, then the trusts do not fall within section 219 (g) or (h) of the 1924 and 1926 acts, which read as follows:

"(g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

"(h) Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214), such part of the income of the trust shall be included in computing the net income of the grantor."

In a trust inter vivos, a power reserved to a grantor must be by express words of reservation. Thorp, Trustee v. Lund et al., 227 Mass. 474, 476, 116 N.E. 946, Ann.Cas.1918B, 1204; Coolidge et al. v. Loring, Trustee et al., 235 Mass. 220, 223, 126 N.E. 276.

The intent of the creators of the trusts controls in the interpretation of a trust instrument. An examination of the third clause of the trust instruments in each case we think discloses that the power to dispose of the principal of the trust fund or to terminate the trust is not a broad power unconditionally given to the grantor in conjunction with any person not a beneficiary under the trust, but is a power which can only be exercised by the trustees as such. White v. Poor et al., 1 Cir., 75 F. 2d 35; Id., 296 U.S. 98, 56 S.Ct. 66, 80 L.Ed. 80; Lovett, Trustee v. Farnham et al., 169 Mass. 1, 47 N.E. 246; Sands v. Old Colony Trust Company, 195 Mass. 575, 577, 81 N.E. 300, 12 Ann.Cas. 837; Gardiner v. Rogers, 267 Mass. 274, 166 N. E. 763; Boyden v. Stevens, 285 Mass. 176, 188 N.E. 741. In other words, the trustees must make a determination as trustees that they deem it necessary or advisable to use the principal of the trust funds for the comfort, maintenance, and support of Clara C. Higgins or the education or welfare of any issue of said John W. Higgins and said Clara C. Higgins, or to surrender and assign said policies and the trust property to Clara C. Higgins, or mutatis mutandis to John W. Higgins, in which case the trusts shall cease and determine.

There is nothing contrary to this conclusion in the case of Kaplan et al. v. Commissioner, 1 Cir., 66 F.2d 401. In fact, it supports the plaintiffs' contention in this case to the extent that only in so far as Kaplan had absolute control over the income was it held to be taxable to him; but since he was limited as trustee to the provisions in favor of his wife as cestui que trust, to determine the extent of which the case was sent back, was he exempt from the payment of taxes.

The case of White v. Poor et al., supra, though a different section of the statute is involved, in principle, also sustains the plaintiffs' contention in this case. Any action by Mrs. Sargent in that case when appointed as trustee was not that of a grantor, but as one of the trustees who, together with the other trustees, performed a fiduciary duty in case of a termination of the trust.

In this case neither the income of the trust property nor the trust res was within the absolute and unconditional control of the grantor, either alone or in conjunction with the other trustee. Certain conditions were imposed upon them which they must find existed before they could pay out any part of the principal for the purposes specified therein, or surrender the trust property to the grantor. Their power was a trust power, not an absolute one. Kaplan et al. v. Commissioner, supra; Daisy C.

Patterson v. Commissioner, 36 B.T.A. 407, decided August 4, 1937. The provisions of section 219 (g) or (h), therefore, are not complied with here.

We think the District Court erred in the interpretation of the trust instrument in holding that the power to terminate the trust and revest the title to the trust property in the settlors was not dependent upon the conditions, the existence of which the trustees were under a fiduciary duty to ascertain. The power to revest the title in the settlors was not one which the creator of the trust could have intended might be exercised at any time the trust company could be persuaded by the donor trustee to exercise it without consulting the interests of the beneficiaries, including the issue of Clara C. Higgins and John W. Higgins, especially since the trust did not ipso facto terminate with the death of the grantor. To hold that it was the intent of the creator of these trusts that, under the third paragraph, they might be terminated at any time by the surrender of the trust property to the grantor without a finding by the trustees that it was necessary or advisable so to do, is contrary to the spirit and purposes expressed in the remainder of the instrument.

It does not follow that a grantor, who is also a trustee, may not be taxed under section 219 (g) or (h) if his right to accumulate income payable to himself in the future, or to revoke a trust, is an absolute power reserved in him in conjunction with a trustee who is not a beneficiary, and does not involve on the part of the grantor the exercise of a fiduciary duty as trustee.

The judgment of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs of this court.