## WHITE, FORMER COLLECTOR OF INTERNAL REVENUE, *v.* POOR ET AL., EXECUTORS.

No. 36.   Argued Ocober 16, 1935.—Decided November 11, 1935.

*Mr. David E. Hudson,* with whom *Solicitor General Reed, Assistant Attorney General Wideman,* and *Mr. Sewall Key* were on the brief, for petitioner.

*Mr. Harry LeBaron Sampson,* with whom *Messrs. Alexander Wheeler* and *Edwin A. Howes* were on the brief, for respondents.

Mr. Justice Roberts delivered the opinion of the Court.

This case presents questions similar to those in *Helvering* v. *Helmholz, ante,* p. 93.

In 1919 Adelaide J. Sargent conveyed property to three trustees, who were herself, Arthur H. Sargent (her son), and a third person not connected with the family. Contemporaneously the trustees executed a declaration of trust by the terms of which they were to pay one-half the net income to Mrs. Sargent during her life and the other half, until her death, and after that event the whole in equal shares, to such of her three children as should be living at the time of each payment, and to the appointees of any deceased child, and in default of appointment, to the living issue of a deceased child. The trust was to terminate upon the death of the last survivor of the settlor and her three children, and thereupon the corpus was to be divided in specified shares amongst the issue, next of kin, or appointees of the children. Each child was given a general power of appointment by will over one-third of the principal. Mrs. Sargent died January 22, 1931, leaving her three children to survive her. Her will was probated and the respondents are her executors. The declaration of trust contains a power to terminate, in these words:

" This trust may be terminated at any time either as to the whole or as to any part of the property held in trust hereunder, by the person or persons who shall then be trustees hereunder, such termination to be evidenced by a written declaration signed, sealed and acknowledged by them and duly recorded in the Registry of Deeds for the County of Suffolk, setting forth specifically the property as to which such termination is to take effect, and in that event the trusts declared hereunder shall as to such property be at an end and such property shall be paid over and conveyed, free and discharged of all trusts, to the said Adelaide J. Sargent, if she be then living, and if she be not then living one share shall be paid over and conveyed to each of her children who shall then be living, and a like share shall be paid over and conveyed to the appointees by will of each of her children who shall then have died making such appointment, or failing such appointment, to the issue of such deceased child then living, such issue taking by right of representation."

No power was reserved by Mrs. Sargent to modify the terms of the trust, and the recited power was never exercised.

The agreement directed that if any trustee should die, resign or be unable to act, a successor should be appointed by the surviving trustees by a written instrument approved by the then living children of Mrs. Sargent. In 1920 the settlor resigned as trustee and a daughter was appointed to fill the vacancy. After serving for one year she resigned and Mrs. Sargent was appointed to fill the vacancy thus occasioned and continued as a trustee until her death. The decedent's son, who was a trustee, had a vested interest in an undivided share of the income and a power to appoint by will his share of the income and one-third of the corpus.

The Commissioner of Internal Revenue ruled that the value of the trust principal should be included in the gross

estate. The respondents paid the tax under protest and filed a claim for refund, which the Commissioner rejected. They brought suit in the District Court, which held the transfer did not come within § 302 (c) of the Revenue Act of 1926, as one made in contemplation of death, and was not taxable under § 302 (d).[1] The court also ruled that to impose an excise tax on the transfer by a statute enacted after the transfer was complete would constitute a taking of property without due process in violation of the Fifth Amendment.

The petitioner appealed from a judgment in favor of the respondents, and the Circuit Court of Appeals affirmed, holding that the power in question was not a power to alter, amend or revoke within the meaning of § 302 (d).[2]

As in *Helvering* v. *Helmholz, supra,* the declaration of trust in this case, technically speaking, contained no power to revoke, amend or alter the trust. What the instrument did was to make it possible for the trustees acting jointly to terminate the trust at any time. The petitioner insists that as Mrs. Sargent was one of the trustees named in the declaration the power to terminate, which he views as the equivalent of a power to alter, amend or revoke, was, strictly speaking, lodged in the settlor and two other persons. He says, therefore, that these facts make the transaction taxable under § 302 (d). The respondents reply that if the section be strictly construed it applies only to a transfer where the enjoyment thereof is subject to a power to " alter, amend or revoke " and that the instant transfer was subject to no such power, but to a power to terminate. The circumstances about to be mentioned render it unnecessary to consider either contention.

Mrs. Sargent resigned as a trustee in 1920 and was succeeded by her daughter, one of the beneficiaries. When,

[1] 8 F. Supp. 995.
[2] 75 F. (2d) 35.

a year later, the daughter resigned a new trustee could be appointed only by the written nomination of the two remaining trustees with the approval of all the beneficiaries of the trust. By such concerted action Mrs. Sargent was again appointed a trustee. She then acquired any power for the future to participate in a termination of the trust, solely by virtue of the action of the other trustees and the beneficiaries and not in any sense by virtue of any power reserved to herself as settlor in the original declaration of trust. We think, therefore, that neither technically nor in substance does the power to terminate as it existed from 1921 to the date of Mrs. Sargent's death fall within § 302 (d).

What has been said in the *Helmholz* case requires a ruling that the section, if held to apply to this transfer, offends the due process clause of the Fifth Amendment.

*Judgment affirmed.*

MR. JUSTICE BRANDEIS, MR. JUSTICE STONE and MR. JUSTICE CARDOZO concur in the result.