DOROTHY A. D. ALLEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88569.   Promulgated October 13, 1938.

*Edward H. Green, Esq.,* for the petitioner.
*Eugene G. Smith, Esq.,* and *Lawrence A. Baker, Esq.,* for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency in gift tax for the year 1933 in the amount of $133,826.03. The petitioner contends that she made the gift prior to the enactment of the gift tax. The Commissioner argues that the gift became absolute and took effect only after June 6, 1932, the effective date of the gift tax, since the petitioner did not attain her majority until August 9, 1933, and she had by law the right to avoid the gift until that date. The facts are found as stipulated by the parties.

The petitioner transferred the property involved herein in trust on June 4, 1932. The transfer was absolute on its face. The petitioner did not reserve any power of revocation. She became of age on August 9, 1933. She has never revoked the transfer in trust. The trust was for the benefit of her mother, father, brother, and the children of the latter.

The question is, Is this gift subject to gift tax under section 501 of the Revenue Act of 1932?   That section is as follows:

SEC. 501. IMPOSITION OF TAX.

(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a nonresident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States. The tax shall not apply to a transfer made on or before the date of the enactment of this Act.

(c) The tax shall not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquish-

ment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift.

If the gift was made on June 4, 1932, it escapes tax because the act applies only to gifts made after its enactment and it was not approved and did not become a law until June 6, 1932, at 5 p. m. The Commissioner contends, however, that the petitioner had a power to revoke the gift during infancy and for a reasonable period thereafter, which made the gift incomplete until that power no longer existed. The parties agree that there is a rule of law to the effect that an infant can avoid his conveyances at any time up to the date upon which he attains his majority and during some reasonable period thereafter, but this right is personal to the infant or his legal representatives and his conveyances are not subject to collateral attack. Thus, by law, this petitioner had the right to avoid her transfer of June 4, 1932, and she continued to have it until some rather indefinite and undisclosed time after June 6, 1932, when the gift tax became effective.

Nevertheless, the transfer was not subject to the tax. Subsection (c) provides that the tax shall not apply to the transfer in trust where the power to revest title to such property is vested in the donor but the relinquishment or termination of such power shall be considered as the taxable transfer, and any payment of income to the beneficiary in the meanwhile shall be a taxable gift. This language was not intended to apply to the power given by law to an infant to avoid his transfers, but was intended to apply to a transfer in trust where in the trust instrument a power was retained, either directly or indirectly, by the donor. Cf. *Ralph Pulitzer*, 36 B. T. A. 964. The latter kind of a power is well known in the law and does not include such a right as an infant has to avoid his tranfers. The present grantor, in the trust deed, retained no power. The protective power which by law remains in the infant donor, is not technically a power to *revest* but a power to render the gift *void*, i. e., to make it a nullity, as if nothing had ever passed from the donor or been vested in the donee.[1] Thus, it is not the kind of a power described in (c). The power of the infant extends not only to gifts by transfers in trust but also to direct gifts. Clearly (c) would not apply to the latter. Yet Congress could not have intended to tax the gift in trust and leave the other untaxed. The language of (c) is not appropriate had Congress had in mind a situation

---

[1] The situation is peculiar in that the acts and contracts of the infant are valid and binding except only in case the infant himself chooses to exercise his law given power to avoid them. *Ed. Kasch and wife, et al.*, 25 B. T. A. 284; affd., 63 Fed. (2d) 466; *Voorhees* v. *Wait*, 15 N. J. L. 343; *DeVito* v. *Mechanicville*, 251 N. Y. Ap. Div. 514; Williston on Contracts, §§ 43, 105, 232.

like the present where the right to avoid is a condition which the law imposes for the protection of infants. There would be a serious administrative difficulty of determining when such a right terminates. The last provision in (c), taxing the income as gifts when paid, would not apply, on the Commissioner's theory, because those gifts too could be avoided by the infant.

The Supreme Court, in interpreting somewhat similar provisions of section 302 (d) of the Revenue Act of 1926, pointed out this very difference between a power to revoke and a condition which the law imposes. *Helvering* v. *Helmholz*, 296 U. S. 93. It also held that a power to revoke, which is within the meaning of such provisions, must arise from the instrument creating the trust. *White* v. *Poor*, 296 U. S. 98. The same reasoning applies in the present case.

Subsection (c) was repealed by section 511 of the Revenue Act of 1934, with the explanation by Congress that it was no longer necessary since it merely expressed a principle of law later well established by the decision in *Burnet* v. *Guggenheim*, 288 U. S. 280. Senate Report No. 558, 73d Cong., 2d. sess., p. 50; House Report No. 704, 73d Cong., 2d sess., p. 40. That is another indication that Congress did not intend to delay the tax on a transfer by an infant until the infant's right to avoid the transfer had lapsed since the *Guggenheim* case dealt with a power to revoke reserved in the trust deed. There is some language in the *Guggenheim* case which indicates that the gift tax in the Revenue Act of 1924 was intended to be laid on a transfer only after it was beyond recall. Yet, in the light of the *Helmholz* and *Poor* cases and of the statutory provision, we think the court must take the view that an unqualified gift by an infant is consummate when made and the gift here was made before the law imposing the tax became effective.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

DISNEY and KERN dissent.

---

TURNER, concurring: I am unable to agree with that part of the majority opinion which discusses the effect of *Helvering* v. *Helmholz*, 296 U. S. 93, and *White* v. *Poor*, 296 U. S. 98. In my opinion the situation dealt with in *Helvering* v. *Helmholz* is in no way comparable to that involved in the instant case and the holding of the Court is not applicable here. There the trust instrument provided that the grantor should be entitled to a return of the property transferred in trust provided all of the beneficiaries agreed in writing that he should have it back. In this case the infant grantor alone and without regard to the desires or wishes of the beneficiaries had the power to

revest in herself the title to the property transferred. A situation thus existed which was substantially and inherently different from that in *Helvering* v. *Helmholz*. As to *White* v. *Poor*, I am unable to find any basis for the conclusion that that case is authority for or lends support to any holding that section 501 (c) of the Revenue Act of 1932, is inapplicable unless the grantor derives the power to revest from the written instrument creating the trust. In that connection the statute merely says that "where the power  *  *  *  *is vested* in the donor  *  *  * the  *  *  * termination of such power  *  *  * shall be considered  *  *  * a transfer  *  *  * by gift  *  *  *." There is nothing whatever to support the theory of the majority that the power must be reserved in the instrument of transfer.

For other reasons stated in the majority opinion, however, I concur in the result.

Opper concurs in the above.