MARTHA S. STERN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90833. Promulgated February 28, 1939.

*Murray Seasongood*, *Esq.*, and *Harry Stickney*, *Esq.*, for the petitioner.

*Harold F. Noneman*, *Esq.*, for the respondent.

502

**OPINION.**

VAN FOSSAN: The question presented on the above facts is the determination of the basis for gain or loss on the stock withdrawn by petitioner from the trust and thereafter sold. Respondent deter-

mined there was a gift of the stock by the trust to the grantor and applied fair market value at the time of such transfer. Sec. 113 (a) (2), Revenue Act of 1934.[1] As an alternative contention respondent suggests that if the transfer was not a gift then the basis is cost, and contends that the cost to taxpayer is zero. Petitioner contends the transfer was not a gift, but was a transfer in trust, and seeks as a basis the cost to grantor as to one stock and the cost to the fiduciary as to the other. She relies on section 113 (a) (3)[2] and regulations interpreting the same.

We start with the statutory provision that "the basis of property shall be cost, except that"—then follow numerous exceptions. The general rule, therefore, is that cost is the basis unless the case in hand falls within one of the exceptions. To qualify under an exception to a general rule, the facts must bring the case strictly within the terms of the exception. *United States* v. *Dickson*, 15 Pet. 141. Here the respondent determined that the facts brought the case within section 113 (a) (2)—"Gifts after December 1, 1920." On consideration of the facts, though the transfer was without consideration, we are of the opinion that it lacks the first and basic essential of a gift, i. e., a donative intent by one able to be a donor. Under the trust agreement the trustee had no power to make a gift, and it did not purport to make one. It was merely quiescent and exercised no function other than the physical act of compliance by delivery on the order of the grantor of the trust. Thus it can not be said that the trust or trustee made a gift. Likewise, since one can not make a gift to himself, the grantor can not be the donor of the gift. Nor can the beneficiary, who did not have any present right to the corpus.

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(2) GIFTS AFTER DECEMBER 31, 1920.—If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, except that for the purpose of determining loss the basis shall be the basis so determined or the fair market value of the property at the time of the gift, whichever is lower. If the facts necessary to determine the basis in the hands of the donor or the last preceding owner are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis in the hands of such donor or last preceding owner shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner.

[2] (3) TRANSFER IN TRUST AFTER DECEMBER 31, 1920.—If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by a bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made.

Petitioner suggests that the transfer comes under section 113 (a) (3), providing that in case of a "transfer *in trust * * ** the basis shall be the same as it would be in the hands of the grantor", etc. Here, however, we do not have a transfer *in trust*. We have what might be called a "transfer *out of trust*." There was a partial revocation of the trust and a withdrawal of part of the corpus. Thus we can not agree that the case falls under this provision.

No other exception to the general rule is urged as applicable. We, therefore, are returned to the general rule that the basis is cost. It is a practical problem that confronts us, and some solution must be found. We are not helped by the argument of respondent, which he sums up as follows: "The evidence does not show that the stock sold by the petitioner was not acquired by gift * * *." This is not a case of lack of evidence. We have all the facts. Rather, it is a matter of construing and applying the law. Nor can we agree with respondent's alternative contention that, finding the basis to be cost, the cost to petitioner is zero.

Assistance to a conclusion is furnished by considering the ruling of the Board in *Pierre S. du Pont*, 18 B. T. A. 1028. There the petitioner acquired certain stock in 1915. In 1918 he placed this stock in trust under the terms of an agreement by which the stock would be held by a trustee until the income therefrom should aggregate a certain amount, such income to be paid to a hospital therein designated. Upon the termination of the trust agreement in 1922 the stock was returned to the petitioner, who sold some of it in 1922 and some in 1923. We held that in determining gain or loss on the sales no reduction of the cost or acquisition value in 1915 was necessary because of the creation and existence of a trust estate between the dates of acquisition and sale. The case was treated as though the trust had never existed. Though the terms of the trust differ from those presently before us, we believed the reasoning which led us to the above result is equally applicable to the stock here withdrawn from the trust. In fact, in the opinion in the above case the Board took occasion to observe:

* * * What might have been the situation had there been a sale of the securities during the existence of the trust, or what is the proper basis for determining gain or loss on account of the sale of reversionary estates during the existence of precedent estates, are not questions here presented for consideration, though in the various situations of such character suggested by the parties, we fail to see where, consistent with the conclusion herein reached, insurmountable difficulties would be encountered.

In I. T. 1994, C. B. III-1, it was ruled that where, pursuant to a provision in a trust instrument, the trust property was reconveyed to the settlor, upon his request, prior to March 1, 1913, the basis for

determining gain or loss from a subsequent sale is the original cost to the settlor or the value on March 1, 1913, as the case may be. It was there said:

> It is considered that the taxpayer under the trust instrument was the beneficial owner of the securities in question and held the equitable title. Upon the termination of the trust the legal and equitable title merged and the settlor stood in the same position as if the trust had never been created. The transaction had no effect on the investment of the taxpayer.

G. C. M. 12309, C. B. XII–2, though involving sales by the beneficiary, is, by parity of reasoning, to the same general effect that the basis is cost to the grantor of the trust.

In G. C. M. 14350, C. B. XIV–1, reference is made to the above case of *Pierre S. du Pont*, in which the Commissioner acquiesced, and consideration given to a case where a taxpayer transferred in trust certain shares of stock, the income to be paid to grantor's wife for her life; upon her death the trust was to terminate and the trust property was to be returned to the grantor; the wife died and the stock was returned to taxpayer grantor and later sold. It was held the basis was the basis in his hands prior to the trust. See also *Silverthau* v. *United States*, 26 Fed. Supp. 242.

We are of the opinion, and hold that as to the Remington Rand stock, originally transferred to the trust by petitioner and subsequently withdrawn by a *pro tanto* revocation of the trust, the basis for gain or loss is the cost to grantor. The situation as to such stock is the same as though the trust had never been created.

The situation as to the Lambert stock, purchased by the trustee out of trust corpus and subsequently withdrawn by the grantor of the trust, differs, but we believe the same reasoning applies and that cost to the fiduciary is the correct basis. This result would seem to be indicated, by analogy, by article 113 (a) (3)–1 of Regulations 86.[3]

---

[3] ART. 113 (a) (3)–1. *Transfer in trust after December 31, 1920.*—(a) *Property included.*—Section 113 (a) (3) applies in general to all property acquired after December 31, 1920, by transfer in trust. It does not apply to property acquired as a *gift* by transfer in trust, or by bequest or devise; or by an instrument which, under section 113 (a) (5), is to be treated as though it were a will. With these exceptions, section 113 (a) (3) applies to all property acquired after December 31, 1920, by any transfer in trust of whatever description. If the transfer in trust be a gift, it is not within section 113 (a) (3), but is within section 113 (a) (2) or section 113 (a) (4).

(b) *Basis.*—The basis of property so acquired is the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made. If the taxpayer acquired the property by a transfer in trust, this basis applies whether the property be in the hands of the trustee, or the beneficiary, and whether prior to the termination of the trust and distribution of the property, or thereafter.

(c) *Reinvestments by fiduciary.*—If the property is an investment made by the fiduciary (as, for example, in the case of a sale by the fiduciary of property transferred by the grantor, and the reinvestment of the proceeds), the cost or other basis to the fiduciary is taken in lieu of the basis specified in paragraph (b).

On acquisition of this stock taxpayer stepped into the shoes of the fiduciary and should acquire its basis. The Lambert stock was purchased out of corpus of the trust. The corpus so used was either the direct donation of taxpayer or the increase of such donation.

The holding above made as to the two lots of stock brings the case within the general statutory provision with which we started our consideration and is consonant with the rule of law that unless an exception to the general rule is clearly proved the general rule governs.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

MELLOTT, concurring and dissenting: I concur in the portion of the opinion of the majority holding that, under *Pierre S. du Pont,* 18 B. T. A. 1028, petitioner is entitled to use, as the basis for the computation of her gain or loss upon the sale of the securities turned over to and subsequently withdrawn from the trust, the original cost of such securities to her; but I am of the opinion that the conclusion upon the other issue is erroneous.

Petitioner and the trust created by her are separate taxpayers. "* * * The law has seen fit to deal with * * * [the] abstraction * * * [of a trust] for income tax purposes as a separate existence, making its own return under the hand of the fiduciary and claiming and receiving its own appropriate deductions." *Anderson* v. *Wilson,* 289 U. S. 20; sec. 142, Revenue Act of 1934. The trust income was not includable in petitioner's income, inasmuch as the corpus could be revested in her only with the consent of her husband, who had a substantial adverse interest in it. Cf. *Jane B. Shiverick,* 37 B. T. A. 454. In the event of her death the corpus probably would not have been includable in her estate. *Helvering* v. *Helmholz,* 296 U. S. 93; *White* v. *Poor,* 296 U. S. 98. If the trust had sold the property which it had purchased, it would have been taxable upon any gain, *Merchants Loan & Trust Co.* v. *Smietanka,* 255 U. S. 509, and could have deducted any loss occasioned thereby. But it made no sale. The sale was made by petitioner.

The Commissioner has gone on the theory that the trust made a gift of the Lambert stock, which had cost it $6,762.50, to petitioner. Accordingly he has allowed her, as a basis for the computation of her gain or loss, the fair market value of the stock when it was turned over to her, or $1,440.50. Inasmuch as she sold it a few days later for substantially the same amount, he has held that she neither gained nor lost by the transaction. He arrives at this conclusion by treating her acquisition of the stock as governed by section 113 (a)

(2), which provides, in substance, that if property was acquired by gift after December 31, 1920, the basis for the purpose of determining loss is either the cost basis of the donor "or the fair market value at the time of the gift, whichever is lower." If petitioner is upheld in her contention that no gift was made, then cost is her basis; and under the stipulated facts that is zero.

In my opinion the Commissioner should be sustained in his holding that petitioner's basis for the Lambert stock was its fair market value on the date she acquired it from the trust.