## COMMISSIONER OF INTERNAL REVENUE v. KAPLAN et al.

### No. 3395.

Circuit Court of Appeals, First Circuit.

March 2, 1939.

Loring W. Post, Sp. Asst. to the Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for Commissioner.

330

Allison L. Newton, of Boston, Mass. (Nutter, McClennen & Fish, of Boston, Mass., on the brief), for Kaplan and others.

Before BINGHAM and WILSON, Circuit Judges, and BREWSTER, District Judge.

BREWSTER, District Judge.

The Commissioner of Internal Revenue has petitioned for a review of the decision of the Board of Tax Appeals, determining a deficiency in an estate tax of $129.67. The petitioner contends that the deficiency should have been greater. The question presented is whether the value of the remainder interest in property conveyed in trust by the decedent should have been included in his gross estate.

The facts are that, on July 21, 1923, the decedent conveyed certain property to himself as trustee, to pay the income to his wife, Sarah Kaplan, for life, and after her death to himself. The corpus of the trust after the death of the grantor and his wife was to be divided equally among their children and the issue of any deceased child.

The trustee was given full power to deal with the trust property and to distribute the income or to allow it to accumulate, the accumulations to be held for the benefit of the particular beneficiary entitled to it.

The Fifth paragraph of the trust instrument was as follows:

"The trust hereunder may be amended or revoked by instrument under seal executed by the Trustees at the time being in office and assented to in writing under seal by said Sarah Kaplan."

The decedent died in 1933 leaving his wife surviving him. The revenue law in force when the trust was created was the Revenue Act of 1921, 42 Stat. 227, and when the decedent died the Revenue Act in force was the Act of 1926, as amended by Section 803(a) of the Revenue Act of 1932, 26 U.S.C.A. § 411(c).

The provisions of the latter statute were held, in Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858, to be prospective and not to apply to past irrevocable transfers with reservation of a life interest. The 1921 Act, Sec. 402(c), 42 Stat. 278, included in the gross estate transfers made in contemplation of death and transfers by way of trust, intended to take effect in possession or enjoyment at or after the death of the decedent. It is conceded that the trust was not one made in contemplation of death. The question, therefore, is whether it falls into the gross estate as one to take effect in possession or enjoyment after death.

It has been held that a transfer in trust, where the settlor reserves to himself alone the right to revoke or change, is not a completed transfer because the property does not pass completely out of his control until his death, but if the reserved power of revocation depends upon the assent of a beneficiary whose interests consequently are adverse, the transfer is completed when made and is not one which takes effect upon the death of the transferor. Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397.

The contention of the petitioner is that the power of revocation or amendment conferred upon the trustee by decedent is one that could be exercised with the consent of a beneficiary who has no beneficial interest in the remainder, and that, therefore, the remainder interest was subject to a power of revocation by decedent without the assent of one beneficially and adversely interested. The transfer of the remainder interest is consequently to be considered as one revocable by donor alone. The Board of Tax Appeals held otherwise, and we are of the opinion that the Board was not in error in reaching that conclusion.

In Helvering v. City Bank Farmers' Trust Co., 296 U.S. 85, 88, 56 S.Ct. 70, 72, 80 L.Ed. 62, the court, referring to Reinecke v. Northern Trust Co., supra, said that it was there decided that a gift which the donor "alone held the power to revoke or modify came within the section, since, at his death, substantial interests passed from his control and were for the first time confirmed in others."

The provisions of the trust now before us do not make the death of the donor the event which enlarges any rights in the remaindermen. Assuming that the wife had no adverse interest in a remainder which is limited to her heirs, at least during her lifetime, she had a beneficial, and consequently adverse, interest in the trust property, and decedent's power to revoke or modify was by no means an absolute or unfettered power. The most that can

be said is that, if Mrs. Kaplan should have predeceased her husband, he then could have acted alone if he had chosen to revoke or amend. But this possibility was dependent upon a contingency over which decedent had no control, and it would not operate to render the transfer any the more complete. The cases dealing with a reserved possibility of a reverter are apposite. In Helvering v. St. Louis Union Trust Company, 296 U.S. 39, 56 S.Ct. 74, 76, 80 L.Ed. 29, 100 A.L.R. 1239, the court had before it a trust, by the terms of which it was to terminate if the beneficiary died before the trustor, and the trust estate was to revert to the decedent. The court said:

"The grantor here, by the trust instrument, left in himself no power to resume ownership, possession, or enjoyment, except upon a contingency in the nature of a condition subsequent, the occurrence of which was entirely fortuitous so far as any control, design, or volition on his part was concerned. After the execution of the trust he held no right in the trust estate which in any sense was the subject of testamentary disposition. His death passed no interest to any of the beneficiaries of the trust, and enlarged none beyond what was conveyed by the indenture. His death simply put an end to what, at best, was a mere possibility of a reverter by extinguishing it; that is to say, by converting what was merely possible into an utter impossibility."

The same was held in Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S.Ct. 78, 79, 80 L.Ed. 35, where, like the instant case, the decedent was the sole trustee for the benefit of named beneficiaries. In that case it was said:

"By the declaration of trust here under review, the legal title, possession, and control of the trust estate passed irrevocably from the grantor as an individual to himself as trustee. The effect is no different than if the trustee had been another person."

In this connection it is to be noted that Mr. Kaplan as an individual reserved no right of revocation but rather granted these rights to the trustee then in office. This fact, if not controlling, supports the conclusion that the trust was, when made, a fully completed transfer of all interests in the trust estate. Compare White v.

Poor, 296 U.S. 98, 56 S.Ct. 66, 80 L.Ed. 80.

Lit et al. v. Commissioner of Internal Revenue, 3 Cir., 72 F.2d 551, relied upon by the petitioner, was a case where the remainder interest was held properly included, the trust instrument reserving in the settlor the right of revocation with the assent of the life beneficiary. Apart from the distinguishing fact that the donor expressly reserved the right of revocation, it appears, also, that the trust was created in 1927 and the Revenue Act of 1926, sec. 302(d), 44 Stat. 71, was applied. This Act has been held on its face to embrace a transfer, although complete when made and thereafter beyond the unfettered control of the donor. Helvering v. City Bank Farmers' Trust Co., 296 U.S. 85, 88, 56 S.Ct. 70, 80 L.Ed. 62.

The statute which applies to the transfer in question does not, by its terms, bring into the gross estate transfers complete when made, and we are of the opinion that the provisions of the trust relating to the power of the trustee to revoke and modify do not render the transfer in question incomplete so as to warrant its inclusion in the gross estate.

The order or decision of the Board of Tax Appeals is affirmed.