**CHASE NAT. BANK OF CITY OF NEW YORK et al. v. HIGGINS, Collector of Internal Revenue.**

District Court, S. D. New York.

May 15, 1941.

McCloy & Bravman, of New York City, for plaintiffs.

John T. Cahill, U. S. Atty., of New York City (David W. Wainhouse, Asst. U. S. Atty., of New York City, of counsel), for defendant.

GALSTON, District Judge.

This suit is brought to recover federal estate taxes paid under protest by the plaintiffs on September 4, 1936, to the Collector of Internal Revenue as a deficiency of $7,736.53.

The facts are stipulated. The decedent, Edith C. Scovill, died on April 2, 1935, and the controversy arises out of the construction of a trust agreement dated September 19, 1927, which she executed as donor, in its relation to Sec. 302(c) of the Revenue Act of 1926, 26 U.S.C.A. Int. Rev.Acts, page 227. By virtue of this instrument she set over to the Seaboard National Bank of the City of New York (later merged with the plaintiff bank), as trustee, securities, cash and other property in trust for certain uses and purposes and subject to certain conditions. The trustee was to manage the trust property and pay to the grantor during her life the net income and "so much of the principal as in the opinion of the trustee shall be required for the needs of the grantor, the said trustee to be the sole judge as to the necessity of said payment or payments of principal." Then followed certain directions for the distribution, upon the death of the grantor, of the remaining principal.

The issue presented is whether the property transferred in trust should be included in the grantor's gross estate.

At the time of the execution of the trust the Revenue Act of 1926 was the effective and relevant statute. Sec. 302(c) in part provided:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death * * *."

The trust in respect to any power that the grantor could personally exercise was irrevocable; but she did something more than reserve the right to all the income from the trust corpus. She reserved or created the right to have paid over to her so much of the principal in addition to in-

come as in the judgment of the trustee should be required for her needs. Thus, in terms, whereas the grantor had no power to revoke, in substance her designee was by her own act clothed with the power to invade the principal for her personal benefit. So that at all times, from September 19, 1927, to April 2, 1935, the corpus of the fund was subject to depletion for the grantor's benefit.

It may be conceded that the mere reservation of the life estate does not in itself make a transfer taxable, as one intended to take effect in possession or enjoyment at or after death, May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244; McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413; Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858; but since no portion of the principal of this trust was exempted from depletion, a different situation is here presented. Actually the grantor received from the trustee $17,661.30 of the principal. Thus the use of the corpus beyond the income had not passed out of the grantor and was not intended to pass from her until her death; and the property right of the beneficiaries was not ultimately determinable until her death.

Controlling authority in the circumstances presented is the late case of Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, reaffirming Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996. In rejecting the claim of the executors the Commissioner of Internal Revenue took the position that "the transfer of the economic interests in the property to others was a substitute for an intestate or testamentary disposition of property". It is true that the Commissioner added, "and is subject to the tax imposed by Sec. 302(c) of the Revenue Act of 1926, as amended". It cannot be admitted that it is the Revenue Act of 1926, as amended, which is applicable to this case. The applicable statute is the Revenue Act of 1926, unamended, for the trust was created prior to the joint resolution of March 3, 1931, and the Revenue Act of June 6, 1932; and it was held in Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858, that the amendments thus made to Sec. 302(c) of the Revenue Act of 1926, were only prospective in their operation. See, also Blakeslee et al. v. Smith, 2 Cir., 110 F.2d 364. So the plaintiff contends that Sec. 302(c) of the Act of 1926, unamended, does not apply to the terms of the grant under consideration. But in none of the cases cited does it appear that there was a reserved right to invade the principal. First National Bank of Boston v. Welch, D.C., 24 F.Supp. 695; White v. Poor, 296 U.S. 98, 56 S.Ct. 66, 80 L.Ed. 80; and Helvering v. Helmholz, 296 U.S. 93, 56 S.Ct. 68, 80 L.Ed. 76.

The joint resolution of March 3, 1931, 46 Stat. at L. 1516, c. 454, 26 U.S.C.A. Int. Rev.Acts, page 227, read:

"Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That the first sentence of subdivision (c) of section 302 of the Revenue Act of 1926 is amended to read as follows:

"'(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, including a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from, the property or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom * * *.'"

And the Revenue Act of 1932, 47 Stat. at L. 169, 279, chap. 209, 26 U.S.C.A. Int. Rev.Acts, page 228, read:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

* * * * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; * * *."

Thus as compared with the Revenue Act of 1926 the joint resolution and the Revenue Act of 1932, the amendment added that there was to be included in the gross estate "a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from, the property or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom * * *."

But though the Commissioner was in error in referring to the Act of 1926, as amended, the result is the same; for the conclusion is forced by Helvering v. Hallock, supra, that the Revenue Act of 1926, as unamended, is applicable to the circumstances of this case, for only what remained of the corpus at the time of the death was to pass to the beneficiaries. As to that indefinite sum clearly the provision was one made to take effect at the grantor's death. In consequence the value of the corpus of the trust created by the decedent should be included in the gross estate. Judgment is directed to be entered for the defendant.