ESTATE OF FELICIE GUMBEL KEIFFER, CARL M. KEIFFER, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104991. Promulgated August 22, 1941.

*Justin V. Wolff, Esq.*, and *Leon S. Cahn, Esq.*, for the petitioner.
*Donald P. Moyers, Esq.*, for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency of $1,791.96 in estate tax. The Board adopts the stipulation of the parties as its findings of fact. The only issue for decision is whether there should be included in the gross estate the value of property which the decedent gave to her husband in 1930.

The decedent and her husband have resided in Louisiana at all times material hereto. They were married in 1909. The decedent,

on July 23, 1930, gave to her husband 210 shares of stock which were her separate property. She made no reservations in the gift. He held the shares thereafter. She died in 1938. The Commissioner, in determining the deficiency, included the value of the 210 shares in the gross estate. The return was filed with the collector in Louisiana.

The laws of Louisiana gave the decedent the absolute right to revoke the gift at any time [1] but, aside from this law-given right of revocation, she had no right to alter, amend, or revoke the transfer to her husband. Although she did not expressly reserve any right, the law gave her the right to revoke her gift. She never exercised it. Furthermore, there was no way by which she could surrender the right given by law. The correctness of these statements is conceded by both parties. The Commissioner contends that the value of the donated shares must be included in the gross estate under section 302 (d) (1) of the Revenue Act of 1926 as amended by section 805 (a) of the Revenue Act of 1936. The petitioner correctly points out that the 1936 amendment is made inapplicable to a gift, such as this, made before June 22, 1936, the date of enactment of the Revenue Act of 1936. See section 805 (b) of that act. Thus the question for decision is whether section 302 (d) (1) of the Revenue Act of 1926, as amended by section 401 of the Revenue Act of 1934, applies. That provision requires that there shall be included in the gross estate the value of any property "To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, * * *"

The petitioner reviews the legislative history of this provision in an effort to show that the purpose of various changes was, in each case, to plug some loophole which permitted avoidance, but the loophole resulting from a law-given right of revocation was neither closed nor intended to be closed until the 1936 amendment, which does not apply retroactively to this gift made before its enactment. He argues that the amendments prior to 1936 were all designed to cover cases where the right was purposely reserved when it could have been surrendered, whereas here the donor not only failed to reserve any right but could not avoid or relinquish the right given her by law.

---

[1] Article 1749 of the Revised Civil Code of Louisiana provides that "All donations made between married persons, during marriage, though termed inter vivos, shall always be revocable."

"The revocation may be made by the wife, without her being authorized to that effect by the husband, or by a court of justice."

The applicable statutory provision requires the inclusion of this property in the gross estate. It is not restricted to the case of a power expressly reserved by the donor. The case of *Commissioner v. Allen*, 108 Fed. (2d) 961; reversing 38 B. T. A. 871; certiorari denied, 309 U. S. 680, is in point. There it was argued that section 501 of the Revenue Act of 1932, imposing a tax on gifts, did not apply where a minor had made a gift prior to the enactment of the gift tax and had become of age after the enactment. The law gave the minor the right to revoke her gift after attaining her majority. The statutory language of section 501 is not materially different from that of section 302 (d) (1) as amended by the Revenue Act of 1934, on the question of whether it covers a law-given power of revocation. The Board concluded that the language did not cover a gift made prior to enactment of the gift tax and complete except for the law-given power of revocation. The Third Circuit reversed and the Supreme Court denied certiorari. The Circuit Court there discussed and distinguished *Helvering* v. *Helmholz*, 296 U. S. 93, relied upon by the present petitioner, and other cases. It said that the difference in the inception of the power to revoke (one retained, the other given by law) was entirely immaterial, since the existence of the power rendered the original transfer incomplete and the transfer was only completed when the power terminated. The same may be said here. This gift remained incomplete and was only completed by the death of the donor. Cf. *Emily Trevor*, 40 B. T. A. 1241; *Marrs McLean*, 41 B. T. A. 1266. The decedent made a transfer in 1930, but the enjoyment of the property by her husband was subject at the date of her death to a complete change through the exercise of a power by the decedent alone to revoke. Thus it comes within the statutory language of the 1934 amendment and must be included in her gross estate. Cf. *Hughes* v. *Commissioner*, 104 Fed. (2d) 144.

The statutory language here relied upon was the same in the 1926 Act as in the amendments up to and including that of 1934. The changes made in section 805 (a) of the Revenue Act of 1936 need not be invoked. Futhermore, that amendment did not change the law in respect to a case like this. The amendment retains all of the words of the prior provision relied upon here and adds parenthetically, after "the exercise of a power", "in whatever capacity exercisable" and, likewise, adds later the words "without regard to when or from what source the decedent acquired such power." The words "in whatever capacity exercisable" add nothing for the purposes of this case. These changes were "made necessary largely by reason of the decision of the United States Supreme Court in the case of *White* v. *Poor* * * *." House Committee Rept. No. 2818, on H. R. 12793, 74th Cong., 2d sess. The legislators believed that the changes were

to some extent declaratory of existing law, as shown by the report just cited. We think they were purely declaratory so far as the issue here is concerned. The loophole "suggested" by *White* v. *Poor*, 296 U. S. 98, is wholly unrelated to the present issue. It was that a donor, who had retained no power for herself but had given the power to trustees, might acquire the power by becoming a trustee. While the changes may have clarified, they added nothing to the law as it applied to the present case.

*Decision will be entered for the respondent.*