Ellen G. **FABIAN, Administratrix d.b.n., c.t.a. of the Estate of Elizabeth Y. Gallaudet, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 4142.**

United States District Court, D. Connecticut.

Sept. 29, 1954.

John H. Weir, Curtiss K. Thompson, New Haven, Conn., Milton W. Goss, Branford, Conn., of Thompson, Weir & MacDonald, New Haven, Conn., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Lyle M. Turner, Sp. Assts. to the Atty. Gen., Simon S.

Cohen, U. S. Atty., Robert M. FitzGerald, Asst. U. S. Atty., Hartford, Conn., for defendant.

SMITH, Chief Judge.

This is a suit for the recovery of an estate tax of $33,667 alleged to have been erroneously collected under the estate tax provisions of the Internal Revenue Code.

On December 27, 1935 the decedent Elizabeth Y. Gallaudet established a trust for the benefit of herself, her husband and daughter.

Decedent was one of the three original trustees. On the occurrence of a vacancy the remaining trustees were empowered to fill the vacancy.

On December 23, 1936 decedent resigned as trustee, her daughter being appointed to fill the vacancy. On the same date one of the original trustees had also resigned, decedent's husband having been appointed to fill that vacancy.

On March 12, 1942 decedent relinquished all right she may have had as a beneficiary under the trust.

On June 24, 1944, decedent's husband died and on December 18, 1944 decedent was appointed by the remaining trustees to fill the vacancy.

Decedent was a trustee of the trust at the time of her death January 1, 1945.

The Commissioner of Internal Revenue included the corpus of the trust in the decedent's estate for tax purposes as representing a transfer falling within the provisions of Section 811(c) and 811(d) of the Internal Revenue Code, 26 U.S. C.A. 811(c, d).

Defendant contends that it is the existence of the power (as trustee) to alter, amend or revoke the trust at the time of the decedent's death which controls, distinguishing White v. Poor, 296 U.S. 98, 56 S.Ct. 66, 80 L.Ed. 80 and Estate of Cutcheon v. Commissioner, 3 T.C. 636 on the basis of the existence of the trusts in those cases prior to the original enactment in 1926 of any provision taxing transfers in trust as part of the estate of the transferor where the decedent died possessing a power to alter, amend or revoke.

The government's argument runs something like this: Decedent reserved the power in the trust instrument of December 27, 1935. There was then in force a tax statute covering such a retained power, Section 302(d) of Revenue Act of 1926. She held this power for several months after the 1936 amendment became effective. If she had died before the amendment or after the amendment and prior to December 23, 1936, the date of relinquishment, it would have been includible in her estate. (This appears to be so, since it was a retained power.) Therefore there was no disability to apply a tax to it by legislation, and Congress by the amendment intended to reach all possible powers whether retained or later acquired.

But if she relinquished the power stemming from the instrument itself, and later re-acquired it from another source, it would not be includible before the 1936 amendment under White v. Poor, which has been interpreted as holding that the Congress intended to include in the estate only retained powers. Nor does it appear that the language of the amendment reaches the situation here.

Since 805(b) of the 1936 Act provides that except in case of transfers made after the date of enactment of that act, no interest of the decedent of which he has made a transfer shall be included in the gross estate under such section 302 (d) (1) unless it was includible under such section before its amendment by this section, the transfer in the case at bar would seem not to be includible under 302(d) (1), for one of the conditions necessary, death of the decedent while still possessed of the retained power, did not exist.

Where, as here, the transfer was prior to the 1936 amendments, and the power existing at the time of death was not one retained in the transfer, but later acquired, White v. Poor and the language

of the amendments appear to make the property transferred not includible under 811(d) in the decedent's estate. Cf. Estate of Cutcheon v. Commissioner, 3 T.C. 636.

The government contends alternatively that the transfer is includible in decedent's estate under 811(c) (1) (B) Internal Revenue Code, by virtue of her power to designate the person who shall possess or enjoy the property or its income.

This section appears inapplicable to the facts of this case, for it includes only transfers under which decedent had *retained* for life or any period not ascertainable without reference to her death or for any period which does not in fact end before her death, (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right to designate, etc.

Her right to possession or enjoyment, etc., ended with her renunciation March 12, 1942 of all rights she may have had as beneficiary, her *retained* right to designate with her resignation as trustee December 23, 1936.

The stipulation of facts filed February 27, 1954 is adopted as the finding of facts herein, as follows:

1. This is a civil action which arises under the laws of the United States of America providing for internal revenue in that it seeks the recovery of monies representing federal estate taxes which are alleged to have been erroneously or illegally assessed and collected, and the action is brought against the United States of America pursuant to Section 1346 of Title 28 of the United States Code for the reason that the Collector of Internal Revenue by whom such taxes were collected is not in office as collector of internal revenue at the commencement of this action.

2. The plaintiff is a resident of the Town of Branford, County of New Haven, within the State and District of Connecticut.

3. The plaintiff's mother, Elizabeth Y. Gallaudet, died a resident of Branford, Connecticut, on January 1, 1945. Howard M. Whiting, who was named as executor of decedent's estate by her last Will and Testament, duly qualified as such executor in the Probate Court for the District of Branford and served as such executor until his death on November 14, 1946. Thereafter, plaintiff was appointed Administratrix d.b.n., c.t.a. of the Estate of Elizabeth Y. Gallaudet by the Probate Court for the District of Branford, duly qualified, and is still acting as such Administratrix d.b.n., c.t.a.

4. On December 27, 1935, the decedent, Elizabeth Y. Gallaudet, transferred and delivered voting trust certificates representing 1,600 shares of the common stock of The Alden M. Young Company to herself, Milton J. Warner and Howard M. Whiting, as trustees under the terms of a trust agreement, a true copy of which is annexed to the complaint herein, marked Exhibit A, and by reference made a part hereof.

5. On December 23, 1936, said Milton J. Warner resigned as a trustee and Herbert D. Gallaudet was appointed by the remaining trustees to fill the vacancy. On the same day the decedent, Elizabeth Y. Gallaudet, also resigned as a trustee and the plaintiff, Ellen G. Fabian, was appointed by the remaining trustees to fill the vacancy.

6. On March 12, 1942, the decedent, Elizabeth Y. Gallaudet, executed and delivered to the Trustees of said trust a written instrument, a true copy of which is annexed to the complaint herein, marked Exhibit B, and by reference made a part hereof.

7. On June 24, 1944, said Herbert D. Gallaudet, who was then serving as a trustee under said trust agreement by virtue of the appointment set forth in paragraph 5 hereof, died. On December 18, 1944, Elizabeth Y. Gallaudet was appointed by the remaining trustees to fill the vacancy and she served as a trustee until her death on January 1, 1945.

8. Said Howard M. Whiting, as executor of the estate of Elizabeth Y. Gallaudet, duly filed a federal estate tax return

for said estate within the time allowed by law, and on or about April 1, 1946, he paid the amount of tax shown thereon, namely, $108,975.49.

9. Subsequently, the Commissioner of Internal Revenue determined that the corpus of the trust set up by the decedent as alleged in Paragraph 4 hereof, as of the date of decedent's death should be included in the decedent's gross estate for federal estate tax purposes, as a transfer falling within the provisions of Sections 811(c) and 811(d) of the Internal Revenue Code.

10. As a result of this and other adjustments made by the Commissioner of Internal Revenue, a deficiency in federal estate taxes of $77,017.12 was assessed against the estate and was paid by the plaintiff on February 18, 1949, together with $13,308.14 interest thereon, to the then Collector of Internal Revenue for the District of Connecticut, John J. Fitzpatrick.

11. On or about September 20, 1949, the plaintiff filed with the then Collector of Internal Revenue for the District of Connecticut, John J. Fitzpatrick, a claim for refund of said federal estate tax deficiency paid by her, and on or about November 4, 1949, the plaintiff filed with the then Collector of Internal Revenue for the District of Connecticut an amended claim for refund of said federal estate tax deficiency paid by her. A true and correct copy of said amended claim for refund, omitting the exhibits annexed thereto for the reason that they are already annexed to the complaint as Exhibits A and B, is annexed to the complaint, marked Exhibit C, and by reference made a part hereof.

12. Subsequently, the Commissioner of Internal Revenue determined that the value of the voting trust certificates for all of the stock of The Alden M. Young Company included in the decedent's estate by the Commissioner should be adjusted to a value of $65 per share; and further, that additional counsel fees of $3,800 should be allowed in determining the federal estate tax. As a result, the Commissioner of Internal Revenue allowed part of the amended claim for refund, and the plaintiff, on or about November 6, 1952, received a refund of federal estate taxes and interest paid thereon in the amount of $56,658.26.

13. By letter dated November 20, 1952, the Commissioner of Internal Revenue gave notice to the plaintiff that said amended claim for refund was disallowed to the extent not previously allowed.

### Conclusions of Law

1. The Court has jurisdiction of the parties and subject matter of the action.

2. Property transferred by decedent in trust prior to June 22, 1936, retaining control of designation of beneficiaries in trustees of whom decedent was one, and of which decedent was a beneficiary, where decedent subsequent to June 22, 1936 relinquished rights as beneficiary and resigned as trustee, terminating all power of decedent over trust, is not includible as part of decedent's estate for estate tax purposes by later acquisition, of power to designate, by election some years later under trust as successor to another trustee whose trusteeship had been terminated.

3. Plaintiff is entitled to judgment for refund of portion of estate tax based on inclusion in decedent's estate of property so transferred.

Judgment may be entered for the plaintiff in accordance herewith, including provision for adjusting the refund to take into account reasonable attorney's fees and expense in connection with this action.

Form of judgment may be submitted on notice.