**NEW ENGLAND MERCHANTS NATIONAL BANK OF BOSTON u/w Martha A. Alford, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 65-837-C.

United States District Court
D. Massachusetts.

March 31, 1967.

Samuel B. Potter, Gaston, Snow, Motley & Holt, Boston, Mass., for plaintiff.

Robert F. Sama, Dept. of Justice, Washington, D. C., Paul F. Markham, U. S. Atty., and Joseph A. Lena, Asst. U. S. Atty., Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action against the United States to recover $406,405.36, being a portion of a federal estate tax somewhat in excess of $2,000,000 previously paid by the plaintiff to the United States. The parties filed cross-motions for summary judgment on the basis of pleadings and an amended stipulation of facts and submitted the matter for decision on the basis of memoranda of law. The stipulated facts are as follows:

1. New England Merchants National Bank of Boston, the plaintiff herein, is a corporation duly organized and existing under the laws of the United States, is qualified to do business in the Commonwealth of Massachusetts, and has its principal place of business in Boston, Massachusetts. On January 24, 1962, the will and three codicils of Martha A. Alford, late of Brookline, Massachusetts, deceased November 20, 1961, were admitted to probate and the plaintiff was appointed executor thereof by the Probate Court in and for Norfolk County, Massachusetts. Said appointment of plaintiff remains in full force and effect.

2. On February 19, 1963, plaintiff as said executor filed its federal estate tax return showing a taxable estate of $4,654,204.16, and at the same time paid the tax of $1,890,757.75 shown to be due. The Trust under Declaration of Francis G. Welch of August 7, 1908, more fully described below, the value of the trust property held thereunder as of the applicable valuation date, and the interest of Martha A. Alford therein were disclosed in said return, but said value was excluded in the computation of the federal estate tax due. Thereafter a deficiency of $364,381.67 was asserted against plaintiff on the ground that the property of said Trust ought to have been included in said taxable estate. Plaintiff paid defendant the amount of said deficiency, together with $42,023.69 in interest, on January 22, 1965. On June 16, 1965, plaintiff filed a claim for refund in the amount of $406,405.36, a copy of which is attached, which was thereafter disallowed. This action was followed by the filing of plaintiff's complaint on November 29, 1965. It is agreed that all filings, payments and notices in connection with the foregoing were duly and timely made or done.

3. Orlando H. Alford, late of Brookline, Massachusetts, (Norfolk County, Massachusetts, Probate No. 43410), died intestate on June 11, 1908, leaving as his sole heirs and next of kin his widow, Ellen B. Alford, and his two children, Edward B. Alford and Martha A. Alford.

4. Each of the three heirs of Orlando H. Alford were entitled to one-third of his intestate estate in fee simple.

5. The Trust under Declaration of Francis C. Welch (hereinafter the Welch Trust), was established on August 7, 1908, with Edward B. Alford and the New England Trust Company (a predecessor of plaintiff) as trustees.

6. The Welch Trust was funded with cash and property equal in value to $1,000,000 by Francis C. Welch, a professional fiduciary, acting in his capacity as one of the three duly appointed and acting administrators of the estate of Orlando H. Alford and with the consent of Ellen B. Alford, Edward B. Alford, and Martha A. Alford. It is agreed for purposes of this case that said property was charged in equal portions against the distributive shares of Ellen B. Alford, Edward B. Alford, and Martha A. Alford in the estate of Orlando H. Alford and that Ellen B. Alford, Edward B. Alford, and Martha A. Alford are each the settlors of one-third of the assets of the Welch Trust.

7. The New England Trust Company and Edward B. Alford were trustees of the Welch Trust from its establishment until the death of Edward B. Alford on November 24, 1940. Thereafter, the New England Trust Company or the plaintiff, as its successor, has been sole trustee. The value of the trust property as of November 20, 1962, the appropriate date in connection with the federal estate tax proceedings in the estate of Martha A. Alford, was $658,756.08.

8. By instrument dated November 7, 1947, Martha A. Alford released her general power of appointment over assets held in the Welch Trust. Other than said release, no provision of the Welch Trust as originally established has been altered, released or otherwise changed.

9. Said Ellen B. Alford died during 1929, leaving a will in which she exercised her power of appointment over assets of the Welch Trust in favor of her estate. Pursuant to that exercise, one-third of the property then held in the Welch Trust was transferred to her estate. Edward B. Alford died on November 24, 1940, leaving a will in which he declined to exercise his power of appointment over assets of the Welch Trust; accordingly, one-half of the property then held in the Welch Trust was transferred to his sole heirs by blood, viz., his son, Edward B. Alford, Jr., and his daughter, Elizabeth A. Mattison, now of Concord, Massachusetts. Edward B. Alford, Jr. died prior to November 20, 1961, the date of the death of Martha A. Alford, leaving neither wife nor issue. On the death of Martha A. Alford, the then remaining property of the Welch Trust

became distributable to her sole heir by blood, said Elizabeth A. Mattison.

10. The amount in controversy between plaintiff and defendant in this action is $406,405.36, which sum was paid to defendant as set forth in paragraph 2 above.

The Government's motion is based on two theories, set out, in the alternative, (1) Since Martha A. Alford as settlor of one-third of the assets of the Welch Trust retained until death the power to alter or amend the trust with the consent of a person not having a substantial adverse interest, the trust is includable in the gross estate under the provisions of Section 2038 of the Internal Revenue Code of 1954, and (2) Since Martha A. Alford retained until death a life estate in the Welch Trust and since the transfer to the Welch Trust became complete upon her release on November 7, 1947 of her power to designate the ultimate beneficiaries of the trust, the assets are includable in her gross estate under the provisions of Section 2036 of the Internal Revenue Code of 1954.

Plaintiff's motion is based on the ground that there is no issue of material fact and that it is entitled to judgment in its favor as a matter of law on the basis of the pleadings and the stipulation of facts.

The stipulation establishes for purposes of this case that Ellen B. Alford, Martha A. Alford and Edward B. Alford are the settlors of the Welch Trust. Under the terms of the trust, each of the settlors retained a right to one-third of the income of the trust during their respective lives, as well as a power of appointment over one-third of the principal of the trust corpus, with the further proviso that if either of the three settlors died without exercising the power, by will or other instrument, then that person's share was to be distributed to his heirs by blood.

The settlors also reserved the power, with the written consent and approval of the then acting trustee, or trustees, to vary or modify the terms of the trust, said reservation appearing in Paragraph 8 of the trust, which provides:

"The said Ellen B. Alford, Edward B. Alford and Martha A. Alford, or such one or more of them as may be from time to time living, are hereby given the power with the written consent and approval of the then acting trustee or trustees hereunder by a written instrument or instruments from time to time, to vary or modify the terms of the trusts or any of them hereby or hereafter created but such variations and modifications shall not affect any lawful act which shall have been done hereunder before notice of said variations and modifications have been filed in the Registry of Deeds for the County of Suffolk."

The instant controversy arises out of the fact that the survivor of the three settlors, Martha A. Alford, released her power of appointment in 1947 and died in 1961 without ever having caused any amendment to the terms of the trust, giving rise to the question: is the value of her share of the trust includable in her gross estate for federal estate tax purposes under the provisions of 26 U. S.C. sec. 2038 or sec. 2036?

Section 2038 provides in pertinent part as follows:

"(a) * * * The value of the gross estate shall include the value of all property—* * *

(2) *Transfers on or before June 22, 1936.*—To the extent of any interest therein of which the decedent has at any time made a transfer * * * by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend or revoke * * *."

Treasury Regulation, Sec. 20.2038–1, captioned "Revocable Transfers," provides in pertinent part:

" * * * if an interest in property was transferred by a decedent before the enactment of the Revenue Act of

1924 (June 2, 1924, 4:01 p. m., E.S.T.) and if a power reserved by the decedent to alter, amend, revoke, or terminate was exercisable by the decedent only in conjunction with a person having a substantial adverse interest in the transferred property, or in conjunction with several persons some or all of whom held such an adverse interest, there is included in the decedent's gross estate only the value of any interest * * * held by a person * * * not required to join in the exercise of the power plus the value of any insubstantial adverse interest * * * of a person * * * required to join in the exercise of the power."

Plaintiff's theory is that the transfer in trust was complete in 1908 and that as a consequence the tax statute enacted in 1924 may not be retroactively employed under the doctrine of Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410 (1929). A reading of the trust instrument indicates, however, that the transfer was not in fact complete in 1908, since the decedent retained a contingent power to alter or amend the trust with the permission of the trustee. This contingent power ripened into a present power in 1940 when Edward B. Alford, a co-settlor who had served as co-trustee with plaintiff up until that time, died. (The other co-settlor, Ellen B. Alford, who had never served as trustee, had died in 1929.) The power which ripened in 1940 was held by decedent until the time of her death in 1961. Thus, unless it can be said that the trustee held an interest substantially adverse to that of decedent, the transfer was not complete in 1908, and cases relied on by plaintiff, such as Nichols v. Coolidge, 274 U.S. 531, 47 S.Ct. 710, 71 L.Ed. 1184; Helvering v. Helmholz, 296 U.S. 93, 56 S.Ct. 68, 80 L.Ed. 76 (1935), and White v. Poor, 296 U.S. 98, 56 S.Ct. 66, 80 L.Ed. 80 (1935) are distinguishable on their facts.

With regard to the question of whether or not, under the terms of this trust, the trustee held an interest substantially adverse to the interest possessed by the decedent, there is authority, both in Federal and Massachusetts law, indicating that language similar to that in the instant trust does not create a "substantial adverse interest." Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 77 L.Ed. 1109 (1933); Witherbee v. Commissioner of Internal Revenue, 70 F.2d 696 (2d Cir. 1934); Boston Safe Deposit & Trust Co. et al. v. Commissioner of Internal Revenue, 34 BTA 911 (1936); Holmes et al. v. Commissioner of Internal Revenue, 30 BTA 97 (1934); Flood v. United States, 133 F.2d 173 (7th Cir. 1943); State Tax Commission v. Fitts, 340 Mass. 575, 165 N.E.2d 586 (1960).

In the light of the foregoing, I rule that because of her reserved powers the transfer in trust made by decedent in 1908 was not complete until the time of her death in 1961, and that the federal estate tax was properly imposed under the provisions of 26 U.S.C. § 2038.

The propriety of the inclusion of these assets in the estate of the decedent for purposes of the estate tax is also established by the application of the so-called "enlargement of beneficiaries' interest" test applied in United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763 (1939), and reaffirmed in Fernandez v. Wiener, 326 U.S. 340, 66 S.Ct. 178, 90 L.Ed. 116 (1945), reh. denied 327 U.S. 814, 66 S.Ct. 525, 90 L.Ed. 1038. See, also, United States v. Manufacturers National Bank, 363 U.S. 194, 80 S.Ct. 1103, 4 L.Ed.2d 1158 (1960), and Chickering v. Commissioner of Internal Revenue, 118 F.2d 254, 139 A.L.R. 508 (1st Cir. 1941), cert. denied 314 U.S. 636, 62 S.Ct. 70, 86 L.Ed. 511. It is clear that the terms of the trust involved in the instant case caused in 1961 an enlargement of the interest of the decedent's beneficiary in her estate, said enlargement resulting from the fact that her death eliminated her power to amend the trust adversely to the beneficiary.

In view of the ruling on the taxability of this estate under the provisions of

26 U.S.C. § 2038, I do not discuss its taxability under 26 U.S.C. § 2036.

The plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is allowed.